ADAM BORUSZWESKI & another *vs.* MIDDLESEX MUTUAL
ASSURANCE COMPANY.

Worcester.   October 4, 1904. — November 21, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Insurance, Fire,* Sworn statement of loss.   *Evidence,* Extrinsic affecting writings.

In an action on a fire insurance policy in the Massachusetts standard form, it
appeared, that the defendant's adjuster went to the town where the fire had
occurred, saw the broker who procured the insurance, and asked for informa-
tion about the loss.   He refused to look at the place where the fire occurred or
to go to the broker's office, where he was told there was a "proof of loss," and
left the town, saying to the broker on leaving that he would see him or commu-
nicate with him again in a short time.   *Held,* that there was no evidence that
the defendant had waived the requirement of a sworn statement of loss.

Evidence of a custom is not admissible to change the plain terms of a contract in
writing.

In an action on a fire insurance policy in the Massachusetts standard form, where
the defence is a failure of the plaintiff to render to the company a sworn state-
ment of loss as required by the policy, the plaintiff cannot vary the contract by
proving a custom under which a failure of the company, upon notice that a fire
has occurred, to send to the insured a blank form for the sworn statement of
loss, or to send an adjuster to make an adjustment of the loss on the ground
carrying with him such a blank form, is a waiver of the requirement in the
policy of a sworn statement of loss, under which custom the company would
be liable for the amount of the policy, without regard to the damage done by
the fire, in sixty days after a mere informal notice that a fire has occurred instead
of being liable for the amount adjusted according to the terms of the policy only
in sixty days after the sworn statement has been rendered to the company.

LORING, J.   This is an action on a policy insuring the plain-
tiffs against loss by fire upon a dwelling house and barn and
certain personal property contained therein.   The defence is
that the plaintiffs never have rendered the sworn statement in
writing called for by the policy, which is in the form prescribed
by R. L. c. 118, § 60.   The plaintiffs' contention is that this has
been waived by the defendant, and that they proved a custom
making it unnecessary.   The case is here on a report by the
presiding judge, who directed the jury to return a verdict for
the defendant.

The facts relied on by the plaintiffs as constituting a waiver
are that the defendant on receiving an informal notice of the
fire sent an adjuster to Webster, where the property insured was

situated.   The adjuster notified the broker who placed the insurance that he was coming.   The broker met him at the station and had a talk with him there about the loss.   The broker then told him that he had just driven the adjuster of another company to the locus, and that the other adjuster had just left. The defendant adjuster asked why he had not waited for him. The broker then asked him to go to his office, where he said he had a " proof of loss," but the adjuster refused ; he also refused to visit the place of the fire, although the broker offered to " carry him out."   He said that he did not want to attend to it that day, as he was anxious to go to Hartford, but told the broker that he would see him or communicate with him in a short time.   He left on a train a few minutes later.   Nothing was done on the part of either party until nearly five months later, when the plaintiffs retained counsel.   In answer to a letter from counsel not put in evidence the president of the defendant company wrote, stating that their adjuster learned facts when he visited the scene immediately after the fire, indicating that the fire was not an honest one ; that the fire marshal had written to the same effect after making an investigation ; and insisting that the plain provisions of the policy had not been complied with since the fire.   The letter ended with a statement that the company supposed the plaintiffs had failed to comply with the essential conditions through consciousness of wrong doing.

The question is whether there is anything in this which amounts to a waiver of performance of the clause of the policy requiring the insured, in case of a fire, to render forthwith a sworn statement in writing giving (1) the value of the property insured, (2) the interest of the insured in that property, (3) all other insurance on it, (4) the purposes for which and the person by whom the buildings in question were used, and (5) the time and manner in which the fire originated so far as known.   By the terms of the policy the insurance money due is payable sixty days after this statement is rendered.

The performance of this clause is a condition precedent to the defendant's liability.   *Cook* v. *North British & Mercantile Ins. Co.* 183 Mass. 50.   *Parker* v. *Middlesex Mutual Assur. Co.* 179 Mass. 528.   See also *Audette* v. *L'Union St. Joseph,* 178 Mass. 113 ;

*Smith & Dove Manuf. Co.* v. *Travellers' Ins. Co.* 171 Mass. 357;
*Johnson* v. *Phœnix Ins. Co.* 112 Mass. 49; *Smith* v. *Haverhill
Ins. Co.* 1 Allen, 297; *Shawmut Sugar Refining Co.* v. *People's
Ins. Co.* 12 Gray, 535.

The rendering of this statement is the first step called for by
the policy, to be taken by the insured in case of a loss.   On
such a sworn statement being made and delivered to the com-
pany, it is its duty to decide whether it will pay the loss, and to
determine the amount due.   If the amount of damage done is
not agreed upon, it is fixed by arbitration.   In either event the
amount due becomes payable sixty days after the sworn state-
ment is rendered to the company.

The nearest case in this Commonwealth is the case of *Searle*
v. *Dwelling House Ins. Co.* 152 Mass. 263.   In that case, on re-
ceiving informal notice that there had been a fire, the company
sent an adjuster to agree on the amount of the loss, understand-
ing that he carried with him blanks on which a proof of loss was
to be made in accordance with the adjustment reached.   The
agent agreed with the insured upon the amount of the loss, item
by item, and that was written down.   He then told the insured
that he would write it out on a proper blank and send it to her
to be signed and sworn to.   The insured heard nothing from the
adjuster or the company for some three or four weeks.   She
then went to the local agent who issued the policy, and he
wrote to the company in her behalf.   In answer the company
refused to pay the loss on another ground.   This was held to
justify a finding that the presentation of the sworn statement
had been waived.   In that case the fire took place on October
11, 1885.   On May 27, 1886, a sworn statement was rendered.
The court ruled that this sworn statement was rendered too late
to be a compliance with the policy, and left the case to the jury
on the question of waiver.   The ground on which the case goes
is that the action of the company was inconsistent with an inten-
tion to insist on a sworn statement being rendered.   For another
case where the rendering of a sworn statement was waived alto-
gether, see *Eastern Railroad* v. *Relief Ins. Co.* 105 Mass. 570.

But in the case at bar there was nothing in what the defend-
ant did inconsistent with an intention to insist on a full compli-
ance with this clause of the policy.   Until a sworn statement

containing the information called for is rendered, the company is under no duty to take up the question of adjustment of the loss. Before proceeding with the adjustment of a loss, an insurance company, under the Massachusetts standard form of policy, has the right to have the insured commit himself, in writing and under oath, upon the facts to be set forth in the sworn statement, namely, (1) the property covered by the policy in existence at the time of the fire and the value of it; (2) the plaintiff's interest in the insurance; (3) the insurance on the property; (4) the purposes for which the buildings in question were used; and (5) the history of the fire so far as known. But the company is not bound to abstain from all investigation until this condition precedent is performed. In the case at bar the defendant's adjuster went to the town in question and saw the broker who placed the insurance, and asked for information about the loss; he refused to look at the place where the fire was, refused to go to the broker's office, where, he was told, there was a "proof of loss," and left. There was nothing in this inconsistent with a determination to insist on the provision of the policy here in question being performed. The only other thing was his statement to the broker on leaving that he would see him or communicate with him again in a short time.. The most that can be claimed for that is that it excused the plaintiffs from rendering the sworn statement until a reasonable time had elapsed, if they or their agents relied on this remark of the adjuster in not rendering the statement forthwith, and there is no evidence that they did rely on it. This remark is not inconsistent with a determination on the part of the insurance company to insist upon the sworn statement being made out, signed, sworn to and delivered to it, and the plaintiffs could not have been misled by it. For that reason the jury were not warranted in finding that the performance of that condition had been waived.

None of the cases cited by the plaintiffs in which it has been held that there has been a waiver of preliminary proofs of loss goes as far as we are asked to go in this case. See *Harrison* v. *German-American Ins. Co.* 67 Fed. Rep. 577; *Tillis* v. *Liverpool & London & Globe Ins. Co.* 33 Ins. L. J. 289; *Graves* v. *Merchants & Bankers Ins. Co.* 82 Iowa, 637; *Brown* v. *State Ins. Co.* 74 Iowa,

428; *Hartford Ins. Co.* v. *Keating,* 86 Md. 130.  Of the other cases principally relied on by the plaintiffs, it was held in *Weidert* v. *State Ins. Co.* 19 Ore. 261, that there was no waiver; and in *Gould* v. *Dwelling-House Ins. Co.* 134 Penn. St. 570, and *Perry* v. *Dwelling-House Ins. Co.* 67 N. H. 291, there was an attempt to comply with the provision within the time specified.

The argument of the plaintiffs that the letter of the president was in itself a waiver makes it necessary to state that it was not.  It insists that the plain provisions of the policy have not been complied with since the fire.

This brings us to the custom testified to on the part of the plaintiffs, which was in substance as follows: In case of a loss the insured notifies the broker of the fire and he sends notice to the company.  The company then either sends a blank form of a " proof of loss " or an adjuster to make an adjustment of the loss on the ground, who carries such a blank with him; and the failure of the company to send a blank or an adjuster is a waiver of the condition of the policy " that there be a proof of loss in writing," and the company settles within sixty days for the amount of the policy.

It is settled that a custom is bad which contradicts a contract the terms of which are plain.  A custom is admissible to explain what is doubtful, but when the terms of the contract are plain the right of one party to it cannot be taken away by custom.  The last case on the point is *Menage* v. *Rosenthal,* 175 Mass. 358, where some of the cases are collected.  To these should be added *Benson* v. *Gray,* 154 Mass. 391, (where also a collection is made of the earlier cases,) *Macomber* v. *Howard Ins. Co.* 7 Gray, 257, and *Stone* v. *Howard Ins. Co.* 153 Mass. 475.

By the terms of the contract no notice is required to be sent by the insured until the sworn statement is made out and rendered, and the defendant is under no obligation to do anything about the matter until the plaintiff has committed himself in writing and under oath on the matters therein to be set forth.  The amount due is not payable until sixty days after this has been rendered.  A custom which substitutes a mere notice that a fire has occurred for this statement in writing on the five points specified, signed and sworn to by the insured and rendered by him to the company forthwith, and which makes the

company liable for the amount of the policy without regard to the damage done by the fire, in sixty days after informal notice of the fire is given, is bad.

Some confusion seems to have arisen from calling the sworn statement called for by the Massachusetts standard form a " proof of loss." This is probably a survival of the practice which had obtained under the policies in use before the standard form was adopted, (Sts. 1873, c. 331, and 1881, c. 166,) which usually, if not universally, called for a sworn statement of the amount of loss caused to the property insured, by the fire, *inter alia.* But the amount of the loss is not called for in the sworn statement specified in the Massachusetts standard form.

*Judgment on the verdict.*

*A. P. Rugg,* (*J. R. Thayer & H. H. Thayer* with him,) for the plaintiffs.

*F. W. Brown,* for the defendant.