ALBERT J. NICHOLS *vs.* THE CONTINENTAL INSURANCE COMPANY.

Bristol.   October 22, 1928. — January 4, 1929.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance*, Fire: notice to insurer. *Notice.*

The insured in five policies of insurance, each issued by a different company, after a loss covered by the policies, orally reported the loss to the agent of the companies in the town where the insured property was and four days after the loss his attorney in writing gave the agent "notice that property insured under the following policies was totally destroyed by fire on . . . [the date of the fire], the cause of the fire being unknown." The list of policies following the above statement did not include one of the policies. Eleven months after the fire, the insured found the fifth policy among his papers and gave immediate notice to the company issuing it. In an action against that company upon its policy, a verdict for the defendant was ordered. *Held,* that

(1) No notice as required by G. L. c. 175, §§ 99, 102, was given to the defendant or to its local agent;

(2) Each of the five policies on the property constituted a separate contract between the plaintiff and the several companies, and each company was entitled to receive notice in writing of the fire as provided in its policy and the provisions of the statute;

(3) The provisions of said § 102, in substance precluding the company from relying in defence upon lack of a sworn statement if it had received at its home office or at the office of its agency a notice in writing of the loss, were not applicable to the facts in the present case;

(4) The verdict for the defendant properly was ordered.

CONTRACT upon a policy of insurance against fire. Writ dated June 27, 1927.

In the Superior Court, the action was tried before *Morton,* J. At the close of the opening statement by counsel for the plaintiff, material portions of which are described in the opinion, the judge, on motion by the defendant, ordered a verdict for the defendant, and reported the action for de-

termination by this court, the verdict to stand if his ruling was right, and, if his ruling was wrong, judgment to be entered for the plaintiff in the sum of $3,308.44 and interest.

*A. Fuller*, for the plaintiff.

*B. A. Brickley*, for the defendant.

CROSBY, J.   This is an action of contract on a policy of insurance against loss by fire.   The case is before us on a report, wherein it is recited that the plaintiff owned a dwelling house, in the town of Falmouth, which was insured against loss by fire by five separate policies, issued by five different companies in various amounts. All the policies were issued by the same agent, whose office was in the town of Falmouth, and were payable to the same mortgagee as his interest might appear.   The house was destroyed by fire on November 24, 1925, all the policies being then in force.

The plaintiff learned of the fire on the following day, and on November 26, 1925, saw the agent at Falmouth and made an oral report of the loss.   On November 28, the following notice was mailed by Albert Fuller, the plaintiff's attorney, to the agent, and was duly received by him:

"This is to give you notice that property insured under the following policies was totally destroyed by fire on November 25, 1925, the cause of the fire being unknown.

| | | | |
|---|---|---|---|
| Policy No. 781203 | Phoenix Assurance Co. | | $3650.00 |
| „ No. 1285 | Springfield Ins. Co. | | 1000.00 |
| „ No. 1092 | Providence-Washington | | |
| | | Insurance Co. | 1500.00 |
| „ No. 1272 | Springfield* | | 1000.00 |

Will you kindly send to Albert Fuller, 5 Taunton Green, Taunton, Mass., form for proof of loss at your earliest convenience."

On December 11, 1925, the plaintiff's attorney wrote to the agent stating that, under date of November 28, he gave notice in behalf of the plaintiff that certain property insured through the agent had been destroyed by fire, and requesting that forms for proof of loss be sent; that the writer had re-

---

* This policy covered a garage and is not material in the case.

ceived for the Barnstable County Mutual Insurance Company such form but had not received any for the other companies, and requested that these be forwarded. Separate notice of loss had been given by the insured to the Barnstable County Mutual Insurance Company. The policy in that company, and the policies in the companies named in the notice of November 28, were in the possession of the mortgagee at the time of the loss by fire. The loss under these policies was adjusted and paid by the several companies.

Eleven months after the fire the plaintiff found among his papers the policy issued by the defendant company and gave immediate notice to the defendant. It is agreed that the total loss on the dwelling house was $10,560, and that the proportion of the policy issued by the defendant to the total insurance is 31.33 per cent of the whole, making the loss claimed by the plaintiff under the policy issued by the defendant $3,308.44. The mortgagee has released all interest under this policy. In his opening to the jury the plaintiff's counsel stated the foregoing facts, and the defendant moved that a verdict be directed in its favor. The presiding judge ruled that, as matter of law, sufficient notice to the defendant had not been given, and allowed the motion. The plaintiff excepted.

It thus appears that no statement in writing sworn to by the insured, was forthwith rendered to the company as required by the terms of the policy, G. L. c. 175, §§ 99, 102, nor to its local agent as required by clause Seventh of said § 99. Although the fire occurred on November 24, 1925, no statement of the loss was given to the defendant until October, 1926. It is plain that the statutory provision relating to the policy was not complied with. The record discloses no circumstances to explain or excuse the long delay in executing and delivering the statement of loss. The rendering of such statement forthwith is a condition precedent to the right of the assured to recover for a loss under a policy. *Parker* v. *Middlesex Mutual Assurance Co.* 179 Mass. 528, 530. *Boruszenski* v. *Middlesex Mutual Assurance Co.* 186 Mass. 589. *Bennett* v. *Ætna Ins. Co.* 201 Mass. 554. *Swaine* v. *Teutonia Fire Ins. Co.* 222 Mass. 108. There is nothing

in the record to show that the defendant waived any legal right vested in it under the policy.

G. L. c. 175, § 99, Seventh, provides that "There shall be printed or stamped on the filing-back of every policy, in clear type not smaller than long primer, the words 'In case of fire notify the company or its local agent at once in writing.'" It is the contention of the plaintiff that the policy issued by the defendant covered the same property as the other policies specifically named in the written notice sent by the plaintiff's attorney to the agent of the insurance companies, and dated November 28, 1925; that particular reference to any policy was not required if from the notice the property insured and its location could be identified.

Each of the five policies on the property constituted a separate contract between the plaintiff and the several companies, and each was entitled to receive notice in writing of the fire as provided in the policy and the provisions of the statute. The circumstance that the plaintiff gave to the defendant's local agent notice forthwith of the fire, and that the property was insured under four policies issued by companies other than the defendant, cannot be construed as a notice to the defendant.

G. L. c. 175, § 102, provides that "In case of loss under any fire insurance policy in the standard form . . . the company shall not, in defence of any action, avail itself of the omission on the part of the insured to furnish forthwith to the company the sworn written statement required by said standard form, provided the insured has, after such loss, forthwith in writing notified the company, at its home office or at the office of the agency issuing the policy, of the fire, and the location thereof . . . ."

It is not contended by the plaintiff that he furnished the defendant or its agent with any sworn written statement of the fire, as required by the policy, upon which this action is brought. The written notice in the letter dated November 28, 1925, to the local agent cannot be construed as a notice to him as agent of the defendant; by its terms it was a notice to him as the agent of four other companies. If the agent knew when he received the written notice from

the plaintiff's attorney, dated November 28, 1925, that the property destroyed by fire was covered by a policy issued by the defendant, such knowledge would not excuse the insured from furnishing the company with the sworn written statement or from notifying the agent forthwith in writing of the fire and the location thereof. It follows that the provisions of G. L. c. 175, c. 102, are not applicable to the facts in the present case. The presiding judge rightly ruled that sufficient notice had not been given to the defendant. In accordance with the terms of the report the entry must be

*Verdict to stand.*
*Judgment for the defendant.*