## JOSEPH H. BLOOM *vs.* THE NEW BRUNSWICK FIRE INSURANCE COMPANY.

Suffolk.    February 6, 1929. — June 25, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Insurance,* Fire.  *Assignment.  Practice, Civil,* Parties.  *Notice.  Agency,* Scope of authority or employment.

The assignee of a nonnegotiable chose in action, such as a claim for the loss, if any, payable on a policy of insurance, can maintain an action in his own name only if he holds an assignment in writing made to him before the bringing of the action.

At the trial of an action upon a policy of insurance against loss by fire, brought by one claiming as an assignee of the claim of the insured, the plaintiff testified that after the fire he "took an assignment of the money coming due to the" insured "from the defendant under said policy, but had the assignment, however, made out to" a certain bank, "as his agent, for his accommodation, for the purpose of collecting the amount due on said policy." It appeared that, about a week before the trial of the action, the bank executed and delivered to the plaintiff an assignment, dated the same day as the writ in the action, of "all its right, title and interest in and to any claim it may have against the" defendant. *Held,* that the plaintiff could not maintain the action, not being assignee in writing of the claim of the insured when the action was begun.

Evidence, at the trial of an action upon a policy of fire insurance in the Massachusetts standard form, by one claiming as assignee of the claim of the insured, showed merely that a fire causing loss occurred on April 5; that knowledge of the fire came to the defendant within a day or two thereafter; that an adjuster and an agent of the defendant examined the premises and on June 15 in writing agreed with the insured as to the amount of loss; that a draft for that amount was sent by the defendant to the agent, payable to a name under which the insured did

business, and was paid to some one other than the payee, and that neither the insured nor the plaintiff received the amount of the draft. The adjustment agreement in writing and what purported to be a sworn proof of claim were received by the defendant on June 24. No previous notice in writing of the loss was given to the defendant. There was evidence that the agent was authorized by the defendant to receive proposals for insurance and premiums and to issue and to renew policies, but there was no evidence of his authority to act for the defendant with regard to proofs of loss or adjustments of loss except to issue forms for the proof. *Held,* that

(1) There was no sufficient evidence that the statement in writing required by the policy and by G. L. c. 175, § 99, had been rendered forthwith; nor that such a notice in writing had been given that by virtue of G. L. c. 175, § 102, delay in furnishing the sworn statement was excused;

(2) There was no evidence that the agent had authority to waive any requirements of the policy;

(3) The evidence did not warrant a finding of liability on the part of the defendant.

CONTRACT or tort upon a policy of fire insurance in the Massachusetts standard form, issued to one Martin F. Sandler, doing business as the Paris Clothing Company. Writ dated March 1, 1926.

The action was tried in the Superior Court before *Flynn,* J.

"The plaintiff testified that he knew Sandler, and that after the fire that he took an assignment of the money coming due to the said Sandler from the defendant under said policy, but had the assignment, however, made out to the Bank of Commerce & Trust Company, as his agent, for his accommodation, for the purpose of collecting the amount due on said policy.

"That he had turned over the assignment, of which Exhibit 1 was a copy, to the said Bank of Commerce & Trust Company, as his agent, although he owed the bank no money on it, and the bank had no interest of its own therein; that he never received any money on account thereof, though he made repeated demands for the same."

There also was in evidence an assignment of the Bank of Commerce and Trust Company, dated March 1, 1926, which the bank's officer testified he executed about a week before the trial, and which purported to assign to the plaintiff all the bank's "right, title and interest in and to any claim

it may have against the" defendant.   Other evidence is described in the opinion.

The judge ordered a verdict for the defendant.   After his death, the action was reported by *Qua,* J. for determination by this court.

*A. J. Berkwitz,* for the plaintiff.

*W. L. Came,* for the defendant.

WAIT, J.   This is an action brought by the plaintiff in his own name, as assignee of a claim of one Sandler, who did business as the Paris Clothing Company, for loss due under a policy of fire insurance issued by the defendant to said Sandler.   At the trial to a jury the judge directed a verdict for the defendant; and the case is before us upon a report. If there was any competent evidence to go to the jury, judgment is to be entered for the plaintiff in a sum stated.

The writ was dated March 1, 1926, and it was not disputed that no assignment in writing to the plaintiff in his own name was in existence until a week before the trial. There was evidence which tended to show that a fire took place on April 5, 1925, which injured property of Sandler's insured by a policy of insurance issued to him by the defendant; that knowledge of the fire came to the defendant within a day or two thereafter, and an adjuster and an agent of the defendant examined the premises and agreed with Sandler upon an amount of loss for which the defendant sent to the agent a draft payable to the Paris Clothing Company; that the draft came back to the defendant bearing an indorsement which was not that of the payee.   There was no evidence that any notice in writing was given to the defendant of the fire.   The agreement on the amount of loss was dated June 15, 1925, and was received by the defendant on June 24.   The draft was received by Rosenberg about August 13.   Under date of June 18, 1925, Sandler, at the request of the plaintiff, assigned in writing to the Bank of Commerce & Trust Company of Boston, its successors and assigns, "all right, title and interest which the said Martin F. Sandler now has or ever did have in any money or proceeds which may be due or become due and payable to the said Martin F. Sandler under policy #38586, in the New Brunswick Fire Insurance Co. of New

Brunswick, N. J., by reason of a fire loss on the above mentioned premises, which occurred on or about the 5th day of April, 1925, including any chose in action which may arise as a result thereof." The bank had no interest in the assignment and was named as assignee merely for the convenience of the plaintiff and as an agent for him in attending to the matter. By letter dated June 22, 1925, it wrote to one Rosenberg, an agent for the defendant, who had countersigned and issued the policy, stating that it enclosed assignments of fire losses of the Paris Clothing Company, and asked that he "protect our interest in the usual manner." Whatever papers were enclosed were sent by Rosenberg to the defendant. What purported to be a proof of loss was furnished the defendant on June 24, 1925.

Rosenberg was appointed agent of the defendant "with full power to receive proposals for insurance against loss or damage on property and for use of same, in Boston and vicinity and to receive premiums therefor and to countersign, issue, renew, and consent to the transfer of policies of insurance of said Company, and to make endorsements thereon subject to the rules and regulations of said Company and such instructions as may from time to time be given by its officers," by writing dated January 22, 1923. This was the only authorization to act for it which he ever received. No general instructions were sent to him. The deputy commissioner of insurance of Massachusetts certified that Rosenberg was fully authorized by that department to act as agent for the insurance company on April 1, 1925, and that the authority continued in force until January 1, 1926. There was no evidence that he did anything with regard to proof of losses or adjustments of loss except to issue forms for the proof. Neither the plaintiff, the bank, nor Sandler received any payment from the defendant.

In this state of the pleadings and evidence the ruling made was correct. The assignee of a nonnegotiable chose in action, such as the claim for the loss, if any, payable on a policy of insurance, can maintain an action in his own name only if he holds an assignment in writing made to him before the bringing of his action. G. L. c. 231, § 5. *Bowen* v. *New*

*York Central & Hudson River Railroad,* 202 Mass. 263, *Pritchard* v. *Uphams Corner Theatre Co.* 238 Mass. 441. The plaintiff held no such assignment on March 1, 1926. The written assignment here in existence when the action was begun was made to the bank. It was the proper party plaintiff to a suit by an assignee. The rest of the evidence was immaterial. If, however, we examine further, the evidence is not enough to take the case to the jury. There was no sufficient evidence that the statement in writing required by the policy and by G. L. c. 175, § 99, had been rendered forthwith, *Boruszweski* v. *Middlesex Mutual Ins. Co.* 186 Mass. 589; nor that notice in writing had been given such that by virtue of G. L. c. 175, § 102, delay in furnishing the sworn statement was excused.

There was no evidence that Rosenberg had authority to waive any requirements of the policy. The authority conferred by the written appointment clearly did not extend so far, and evidence of ostensible authority to be inferred from the course of his conduct in his business was lacking.

The rulings upon evidence, although not properly before us upon the terms of the report, have been examined. They need not be discussed. We find no error in them.

*Judgment for defendant on the verdict.*