MAURICE E. GOLDBERG *vs.* LYNN MANUFACTURERS AND MERCHANTS MUTUAL FIRE INSURANCE COMPANY.

SAME *vs.* PAWTUCKET MUTUAL FIRE INSURANCE COMPANY.

Suffolk.   April 7, 1931. — June 25, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Insurance,* Fire: notice, statement of loss; Waiver of provisions of policy. *Waiver.*

It *seems,* that, at the trial of an action upon a policy of fire insurance in the Massachusetts standard form, evidence of waiver by the defendant of compliance with provisions of the policy requiring the giving forthwith to the insurer of notice in writing of the loss and a sworn statement of the loss is not admissible if the plaintiff in the declaration avers compliance with such provisions.

At the trial of such an action, testimony of the plaintiff, merely that "After the fire, through his agents, he notified the defendants" did not warrant a finding of compliance with such provisions of the policy.

The appointment by the insurer of an agent "to investigate the loss, agree upon the amount thereof, if he could, and, if he could not, to have it determined by referees. as provided in the policies," meetings of such agent with the insured in a futile attempt at adjustment, and a subsequent appointment of referees under G. L. c. 175, § 100, as amended, and hearings by such referees were not evidence warranting a finding, in an action by the insured upon the policy, that the insurer had waived compliance with such provisions of the policy.

The provisions of G. L. c. 175, § 102, did not preclude the insurer, in the action above described, from relying in defence upon a lack of the sworn statement called for by the policy, since that statutory provision was in its terms effective only "provided the insured has, after such loss, forthwith in writing notified the company· . . . of the fire, and the location thereof," and there was no evidence of such notice in writing.

Two ACTIONS OF CONTRACT upon policies of fire insurance. Writs dated March 18, 1930.

In the Superior Court, the actions were tried together before *Greenhalge*, J.   Material evidence is stated in the opinion.   The judge ordered verdicts for the defendants and reported the actions for determination by this court.

The case was submitted on briefs.

*W. M. Blatt*, for the plaintiff.

*W. L. Came*, for the defendants.

WAIT, J.   The plaintiff brings these actions to recover upon policies of insurance issued to him by the defendant companies upon premises in Boston.   The actions were tried together.   The cases are before us upon report of the trial judge who directed verdicts for the defendants.   The question for decision is the propriety of the orders.   It is stipulated that if, upon all the evidence and pleadings, there was error in so instructing the jury, judgments in stated amounts are to be entered for the plaintiff; otherwise judgments are to be entered on the verdicts.

The declarations set out the making of the policies of insurance; interest in the plaintiff to the amount of the insurance; rendering to the defendant of statements fully complying with the provisions of the policies more than sixty days before bringing the actions; failure to agree upon the amount of loss; reference to three persons; an award by two of said referees; and failure to pay.   The answers were

general denials, and that the award was invalid. Seven grounds of invalidity were set out.

Although the report sets out all the material evidence introduced, no evidence appears to prove compliance with the conditions of the policies, in that notice in writing was given forthwith to the insurers, and that the sworn statements of loss called for by the policies were furnished at any time; or that such compliance was waived. The plaintiff testified that "After the fire, through his agents, he notified the defendants"; but it nowhere appears that such notice was in writing, nor when it was given. Evidence of notice, which, for all that appears, may have been oral, given at some indefinite time, falls far short of meeting the requirement of evidence of written notice given forthwith. The plaintiff thus failed to prove the allegations of the declarations with respect to rendering the statements of loss in compliance with the terms of the policies. Such failure was fatal unless waived. *Boruszweski* v. *Middlesex Mutual Assurance Co.* 186 Mass. 589. *Nichols* v. *Continental Ins. Co.* 265 Mass. 509. *Bloom* v. *New Brunswick Fire Ins. Co.* 268 Mass. 28, 32. *Vasaris* v. *National Liberty Ins. Co. of America,* 272 Mass. 62. As matter of pleading, an allegation of performance is not sufficient where reliance is not on performance but upon waiver of performance. *Palmer* v. *Sawyer,* 114 Mass. 1, 13. *Aisenberg* v. *Royal Ins. Co. Ltd.* 266 Mass. 543, 545. In strictness, evidence of waiver was incompetent under the declarations. It was undisputed, however, that the defendants appointed one McLean "to investigate the loss, agree upon the amount thereof, if he could, and, if he could not, to have it determined by referees as provided in the policies." He met the plaintiff but could not agree upon the loss; and, in November, 1929, nearly eleven months after the fire, referees were appointed pursuant to G. L. c. 175, § 100, as amended by St. 1927, c. 285, § 1. Two of the three made an award which included in its amount the cost of rebuilding and lining a chimney which had not been affected by the fire. Dispute arose at the hearings with regard to the chimney expense. McLean attended only the first of several hearings. When the

defendants learned of the award, they notified the plaintiff that they deemed it invalid, and offered to enter into a new agreement of reference. They declared themselves uninterested in the cost of rebuilding the chimney. It was their contention that that loss was not covered by the demolition clause of the policies. There was no evidence of any statement by any one acting for the companies, with or without authority, concerning the furnishing of notice or of sworn proof of loss. The action in taking part in the reference was not evidence of waiver. G. L. c. 175, § 101E (St. 1927, c. 285, § 3) provides that a company which joins in such a reference "shall not thereby be held to have waived any legal defense to the claim in respect to which the reference proceedings are held." Nothing else appears in the evidence to prove waiver. *Union Institution for Savings* v. *Phoenix Ins. Co.* 196 Mass. 230, 236. *Holich* v. *Globe & Rutgers Fire Ins. Co.* 272 Mass. 587.

G. L. c. 175, § 102, precludes a fire insurance company which, as here, has issued a policy in the standard form, from availing itself of the omission to furnish forthwith the sworn written statement called for by the policy, in defence of an action; but is effective only "provided the insured has, after such loss, forthwith in writing notified the company . . . of the fire, and the location thereof." Manifestly it is inapplicable here where no evidence of such written notice was offered. *Union Institution for Savings* v. *Phoenix Ins. Co.* 196 Mass. 230.

There was, therefore, no error in the orders directing the verdicts. It is unnecessary to decide whether the evidence with reference to the award was sufficient to require submission to the jury. In accord with the stipulation, the orders will be.

*Judgments on the verdicts.*