JOHN HANNUNIEMI *vs.* DAVID V. CARRUTH & another.

Worcester.  January 8, 1932. — January 26, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Insurance,* Fire: notice, sworn statement.

Findings by a judge, hearing an action of contract without a jury, resting in large part upon the oral testimony of witnesses, must be accepted as final if there is any evidence to support them.

At the hearing by a judge without a jury of an action of contract upon a policy of insurance against loss by fire issued to the plaintiff on May 23, it appeared that the loss occurred on May 25, that on the following day the plaintiff went to the office of an authorized local agent of the defendant and orally notified him of the fire, that thereupon the plaintiff retained an attorney at law to handle the matter for him and that the only written notice of the fire given to the company by the plaintiff was by a letter sent on July 5. The judge found on evidence warranting the finding that in "the circumstances of this case due diligence was not used to send such notice with reasonable promptness and that there was nothing to excuse the plaintiff for failure to send the notice before July 5"; that there was no waiver by the company of the giving of this notice; that the sworn statement required by the standard form of policy to be forthwith rendered to the company was not rendered until January 5; that there "were no circumstances excusing the delay and no waiver by the company of the above requirements"; and that he was unable to find that the company placed its refusal to pay on any other grounds than the plaintiff's failure to comply with the terms of the policy. There was a general finding for the defendant. On exceptions by the plaintiff, it was *held,* that

(1) The notice given on July 5 was not given forthwith;

(2) Whether there was a waiver of the requirement as to notice was a question of fact, with the burden of proof on the plaintiff to prove such waiver;

(3) There was no error in the finding.

CONTRACT OR TORT. Writ dated September 6, 1930.

In the Superior Court, the action was heard by *F. T. Hammond,* J., without a jury. Material findings by the

judge are stated in the opinion. The plaintiff alleged exceptions.

The case was submitted on briefs.

H. R. Sher, for the plaintiff.

B. A. Brickley & H. W. Cole, for the defendants.

RUGG, C.J.   This action of contract was commenced against the first named defendant, an insurance agent, and two insurance companies.   The action was discontinued against one insurance company and is prosecuted against the other two defendants, who hereafter will be termed respectively the agent and the company.   The trial judge found that a policy of fire insurance on certain personal property was executed in the name of the plaintiff and went into effect and was paid for on May 23, 1929.   It must be assumed for the purposes of this decision that that finding was warranted because that question is not raised on this record.   There was evidence tending to show that the insured property of the plaintiff was damaged by fire two days later on May 25, 1929; that on the following day the plaintiff went to the office of the agent and orally notified him of the fire and thereupon the plaintiff retained an attorney at law to handle the matter for him. The trial judge found that the only written notice of the fire given to the company by the plaintiff was by letter sent on July 5, 1929, and that in "the circumstances of this case due diligence was not used to send such notice with reasonable promptness and that there was nothing to excuse the plaintiff for failure to send the notice before July 5, 1929"; that there was no waiver by the company of the giving of this notice; that the sworn statement required by the standard form of policy to be forthwith rendered to the company ("setting forth the value of the property insured, the interest of the insured therein, all other insurance thereon in detail, the purposes for which and the persons by whom the building insured, or containing the property insured, was used, and the time at which and manner in which the fire originated, so far as known to the insured") was not rendered until January 5, 1930; that there "were no circumstances excusing the de-

lay and no waiver by the company of the above requirements"; and, finally, that he was unable to find that the company placed its refusal to pay on any other grounds than the plaintiff's failure to comply with the terms of the policy. There was a general finding for the defendants.

These findings, resting in large part upon the oral testimony of witnesses, must be accepted as final if there is any evidence to support them. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143.

The plaintiff has not argued his requests for rulings so far as refused. In his brief he states the issue to be whether the plaintiff gave notice to the defendant company forthwith, as provided in G. L. c. 175, § 102.

The terms of the policy of insurance required the plaintiff to render to the company forthwith after the fire the sworn statement above described. He could be excused from proving compliance with that requirement only in the event that he had "after such loss, forthwith in writing notified the company, at its home office or at the office of the agency issuing the policy, of the fire, and the location thereof . . . ." with further provisions not here material. G. L. c. 175, § 102. The finding of the judge is categorical that such notice in writing was not given until July 5, 1929. The fire occurred on May 25, 1929, and the plaintiff knew of it at least on the following day. No discussion is required to demonstrate that in these circumstances the notice was not given forthwith. *Boruszweski* v. *Middlesex Mutual Assurance Co.* 186 Mass. 589, 590. *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, 174. *Wilcox* v. *Massachusetts Protective Association, Inc.* 266 Mass. 230. *Goldberg* v. *Lynn Manufacturers & Merchants Mutual Fire Ins. Co.* 276 Mass. 213.

The burden of proof rested upon the plaintiff to prove compliance with the conditions of the policy or of the statute, or waiver thereof by the defendant. It is rarely that it can be ruled as matter of law that the burden of proof has been sustained. This principle is of especial force when the attempt to sustain that burden rests upon oral testimony introduced by the party on whom that burden rests and

upon inferences from circumstances. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452–453. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 589. *Collis* v. *Walker,* 272 Mass. 46, 48. Whether there was a waiver of the requirement for notice is commonly a question of fact. To treat it as a fact on this record was sufficiently favorable to the plaintiff. The case was tried on oral evidence. Every finding of fact was adverse to the plaintiff. It cannot be said that there was any error of law. The case is quite distinguishable from *Greenough* v. *Phoenix Ins. Co. of Hartford,* 206 Mass. 247, *Epstein* v. *Northwestern National Ins. Co.* 267 Mass. 571, and similar cases.

*Exceptions overruled.*