*Northern District*

No. 5033 and No. 5033A

## FRANK J. SARAULT

v.

## PAUL E. BAIA

## FRANK J. SARAULT

v.

## L. C. REYNOLDS EXPRESS, INC.

(May 22, 1957)

*Present:* GADSBY, P. J., ENO, NORTHRUP, JJ.

*Gadsby, P. J.* These are two actions of tort arising out of motor vehicle collision. Both actions were tried together.

There should have been a consolidated report since each defendant filed the same requests for rulings of law in each case. However, we shall consolidate the cases in one opinion.

There is no need of discussing the evidence. It is the usual case involving collision of automobiles, one action brought against the operator and one against the owner. The trial judge denied all the requests for rulings of law filed by each defendant. The requests in both cases were as follows:

Request No. 1 is as follows:
The plaintiff has failed to prove by the weight of the evidence that the defendant was negligent.

This presented a question of fact. The question of negligence and contributory negligence present questions of fact for the trial judge acting in his capacity as trier of the facts. *Morton v. Dobson,* 307 Mass. 394, 397; *Barrows v. Checker Taxi Co.,* 290 Mass. 321; *Avery v. R. E. Guerin Trucking Co.,* 304 Mass. 500.

Request No. 2 is as follows:
The plaintiff was guilty of contributory negligence, as a matter of law.

Request No. 3 is as follows:
The Court find for the defendant, as a matter of law.

Request No. 2 and No. 3, were properly denied. In effect, the defendant is asking the Court to rule as matter of law as in a jury case that a directed verdict should be given. It is rare that such can be granted where the evidence is based on oral testimony. Such requests are properly refused unless the evidence considered most favorably to the plaintiff would not warrant a verdict for him or unless the evidence binding on the plaintiff precludes him from a verdict. *Curtis v. Comerford,* 283 Mass. 589; *Salem Truck*

*Co.,* v. *Derry,* 289 Mass. 431; *Holton* v. *Shepard,* 291 Mass. 513.

As was said in *Hillyer* v. *Dickison,* 154 Mass. 502, 504, "The question whether there is evidence which could properly be submitted to the jury is sometimes a very nice one since the Court is not at that stage of the proceedings to pass upon the weight of the evidence but only to determine whether there is any evidence sufficient to go to the jury." *Castano* v. *Leone,* 278 Mass. 429, 431.

It can rarely be ruled as a matter of law upon oral evidence that a finding one way or another is required.

Since upon the evidence a finding for the plaintiff was permissible, there was no error in the denial of requests number 2 and number 3. *Milmore* v. *Landau,* 307 Mass. 589, 590.

While it may have been preferable and in some cases a judge may justify his actions on requests for rulings of law by making findings of fact, yet in the case at bar the trial judge made no such findings. Often by making a finding of facts, a justice can render requests immaterial in view of his specific finding of facts. However, in view of the requests in the cases at bar, there was no doubt that the judge had submitted the crucial questions of fact to himself as jury and that no rights of the defendant were invaded. There is no doubt along what line the judge proceeded.

We therefore are of opinion that no prejudicial error was committed by the trial judge in his disposition of the requests for rulings of law of the defendant in each case.

*The reports are therefore ordered dismissed.*

Max S. Ficksman, for the plaintiff.
Abraham Zivitz, for the defendant.