## Municipal Court of the City of Boston

No. 454850

### SHERBROS, INC.

v.

### ARLINGTON CORPORATION

(June 6 — Nov. 5, 1958)

*Present:* Lewiton, J. (Presiding), Roberts & Shamon, JJ.

Case tried to *Gillen, J.*

*Per Curiam:*

The defendant claims to be aggrieved by the dismissal of a draft report in which the

defendant had sought review of certain rulings made during the trial of a contract action. The draft report bore a date and time stamp indicating that it had been filed in the Clerk's office on November 18, 1957, at 11:05 a.m.

At 9:30 a.m. on November 18, 1957, the trial judge saw on his desk an envelope addressed to him and bearing a postmark of "November 17, 1957, 9:30 p.m." This envelope contained a copy of the draft report here in issue and of one in a companion case, and a letter from defendant's counsel to the judge, reading in part as follows:

"I enclose herewith copy of 'Draft Report' in each case filed in Court."

■ On his own motion the trial judge dismissed the claim of report and the draft report on the ground that they did not comply with Rule 31 of the Rules of the Municipal Court of the City of Boston (1952) which provides that "*After* the [draft] report has been filed, one copy thereof shall be delivered or mailed forthwith to the adverse party and one to the trial Judge, . . . ."

■ The draft report in question was not "filed" until it was received at the Clerk's office (*Hobart-Farrell Plumbing & Heating Co. v. Klayman*, 302 Mass. 508, 509; *Old Colony Railroad Co. v. Assessors of Quincy*, 305 Mass. 509, 513; *Kenney v. Boston Mutual Life Ins. Co.*, 306 Mass. 282, 284; *Gorski's Case*, 227 Mass. 456, 460; *Greenfield v. Burnham*, 250 Mass. 203, 210.) and there is nothing in the report before us to indicate that the original draft report was received there

prior to the time stamped thereon, which was after the copy was received by the trial judge. ■ Moreover, counsel for the defendant stated in his brief and in his argument before us, that the original draft report intended for filing in the Clerk's office, a copy for the Judge, and a copy for adverse counsel had all been mailed at the same time from the office of the defendant's attorney, on November 17, 1957. Certainly at that time, the draft report was not "filed", so the mailing of the copy to the judge did not comply with Rule 31. Unlike the situation in *Checkoway v. Cashman Bros. Co.,* 305 Mass. 470, 472, there is no basis here for a finding or inference that despite the simultaneous mailing, the draft report was in fact received in the Clerk's office before the copy thereof reached the trial Judge at 9:30 a.m., on November 17, 1957, nor is there any indication in the report before us that the defendant offered any evidence to that effect or even requested an opportunity to present any such evidence. We conclude that under the circumstances of this case, the dismissal of the draft report must be affirmed on the authority of *Famigletti v. Neviackas,* 324 Mass. 70, 72 and the cases cited therein, and that cases like *Tanzilli v. Casassa,* 324 Mass. 113, 115, are not applicable to statutes or rules affecting appellate procedure in this court.

*Report dismissed.*

*John E. Sherman* of Boston, for the Plaintiff.
*Edward E. Cohen* of Boston, for the Defendant.