*Northern District*

No. 8107

## THE ARLINGTON NATIONAL BANK

v.

## THE TRAVELERS INSURANCE CO.

Argued: Sept. 20, 1973 - Decided: Jan. 4, 1974

Case tried to *Tiffany, J.* in the Municipal Court of the Dorchester District, No. R-4693.

*Present:* Cowdrey, P.J., Forte & Bacigalupo, JJ.

**Bacigalupo, J.** In this remanded action in contract, the plaintiff seeks to recover, as loss payee, the proceeds of an insurance policy, issued to one Abbott, by the defendant, on a certain trailer purchased by Abbott and financed by the plaintiff. The trial court found for the plaintiff in the amount of $4,666.80.

The defendant, claiming to be aggrieved by the court's finding for the plaintiff and by the court's denial of its requests for rulings numbered 4 and 5 seasonably requested a report.

Defendant's requests for rulings numbered 4 and 5 and the court's action with respect thereto are as follows:

> 4. "As a matter of law, the evidence does not warrant a finding that the defendant waived compliance with the terms and conditions of the policy, requiring notice and proof of loss. The Court's ruling

was, 'Denied — See finding of fact Re: G.L. c. 175, §§ 102 and 1868.'

5. "There is a fatal variance between the pleadings and the proof. The Court's ruling was, 'Denied.' "

**At the trial there was evidence that:**

"Robert E. Abbott secured financing from the plaintiff in July, 1966 for the purchase of a 1961 Great Dane Trailer, and as a condition thereto obtained insurance from the defendant, naming the plaintiff as the loss payee."

The trailer was stolen during the last week of October or the first week of November, 1966 at Tewksbury. Robert E. Abbott stated that he verbally reported the alleged theft to the Tewksbury police. A claim letter was sent by the plaintiff to the Travelers Insurance Company on February 24, 1967, stating their loss to be $5,091.12, less $424.26. On March 1, 1967, a cancellation notice was sent by the defendant to the plaintiff. There was evidence that there was no prior communication by the defendant to the plaintiff regarding this cancellation.

The plaintiff introduced the defendant's answers to its interrogatories.

The answers indicated that the policy was cancelled on August 1, 1966 because of non-payment of premium. There was evidence by a representative of the defendant insurance company that the company does not keep records that long.

The court, in its written decision and findings of fact ruled that "the statutory provisions set forth in Massachusetts General Laws, Chapter 175, Section 102 as covering other hazards, Chapter 175, Section 1868, control, and the defendant cannot rely on the omission of the insured to file the required proof of loss where no written request for the sworn statement was made.

"The failure of the defendant to make this written request estops them from asserting the defense of the non-compliance with the provisions of the policy and constitutes a waiver of the condition precedent."

██ We note at the outset that the report, *which contains all of the evidence material to the question reported,** contains no reference to any evidence with respect to the kind of insurance coverage provided by the policy. There is no suggestion in the report that the policy of insurance or a description of its material provisions was before the court, or that the policy covered loss by theft.

In the absence of such evidence, appearing within the 4 corners of the report this court, sitting in review, would be justified in finding reversible error in the decision and findings of the trial court.

██ The court's findings of fact are not a part of the trial record and must be supported by reported evidence. Findings cannot supply

* Emphasis ours.

evidence that the report lacks. *Pettinella* v. *Worcester,* 39 Mass. App. Dec. 7, 9.

Realistically, however, if the judge himself does not undertake to oversee the efforts of counsel in settling his report, there may be instances where due to the oversight of counsel his rulings on review may not have the support in the record to which they were entitled on the state of the evidence before him when the rulings were made. *Coco* v. *Lenfest,* 37 Mass. App. Dec. 97, 102.

Therefore, we shall, for the purpose of this opinion, assume as the trial court and the parties to the action apparently did, that the policy covered loss by theft and that it was a policy in the standard form subject to the provisions of Chapter 175 of the General Laws of Massachusetts.

The trial court apparently rested its decision on the theory that the statutory provisions set forth in G.L. c. 175, §§ 102 and 1868 were dispositive of the issue before it and expressly ruled, "the defendant cannot rely on the omission of the insured to file the required proof of loss where no written request for the sworn statement was made."

That part of G.L. c. 175, § 102 relevant to the case at bar is as follows:

"The failure of the insured under a fire policy in the standard form prescribed by section ninety-nine to render the sworn statement specified therein forthwith upon

the occurrence of loss or damage by fire shall not preclude recovery therefor, if the insured, forthwith upon the occurrence thereof, gives written notice of the fire, and the location thereof, to the company and if the insured, immediately upon receipt of any written request so to do made by the company forthwith after it receives such written notice, renders such sworn statement to the company.''

§ 1868 of said chapter 175 makes the provisions of said § 102 applicable to claims for loss or damage from any hazard insured against under any policy of insurance issued in the commonwealth.

It follows, therefore, that the real issue presented to us is whether the claim letter sent by the plaintiff to the defendant on February 24, 1967 reporting the theft of the trailer during the last week of October or the first week of November, 1966 satisfied the requirement of said § 102 relative to the giving of written notice of the loss forthwith upon its occurrence and excused the plaintiff from furnishing a sworn statement of loss in the absence of a written request from the defendant for such a statement.

The general purposes of § 102 are (1) to provide that an insured under a fire insurance policy who has seasonably notified his insurer that there has been a loss shall not lose his rights to recover for a loss because of any

failure to comply with policy requirements for filing any proof of claim, and (2) to shift to an insurer, which has received reasonable notice that a loss has occurred, the burden of notifying the insured if, and to what extent and in what form, further information about the loss is desired. *Employers' Fire Ins. Co.* v. *Garney,* 348 Mass. 627, 630.

There is nothing in the report to indicate that the defendant waived the giving of written notice of the loss forthwith upon its occurrence. In the absence of such waiver, the giving of a requisite notice is a condition precedent to the right of the assured to recover. *Nichols* v. *Continental Insurance Co.,* 265 Mass. 509, 511, 512.

The word, "forthwith" as used in an insurance policy requiring the giving of a notice of loss forthwith upon its occurrence means: within a reasonable time considering the circumstances of each case. *Harnden* v. *Milwaukee Mechanics' Insurance Co.,* 164 Mass. 382. It means that due diligence shall be used to send the notice with reasonable promptness. *Emerson* v. *General Accident and Assurance Corp.,* 202 Mass. 169, 174.

In *Hannuniemi* v. *Carruth,* 278 Mass. 230, notice sent on July 5, 1929, of a loss which occurred on May 25, 1929 was held to be insufficient. See also *Friedman* v. *Orient Insurance Co.,* 278 Mass. 596. *Romanos* v. *Home Insurance Co.,* 355 Mass. 499, 501, 502.

In the case before us, the written notice was given approximately four months after the loss. The report discloses no circumstances to explain or excuse the long delay in furnishing the requisite notice nor does it disclose any evidence that the plaintiff acted with due diligence in reporting the loss to the defendant. We, therefore, conclude that the requirements of the policy with respect to the giving of notice were not met and that the provisions of §§ 102 and 186B of G.L. c. 175 have no application to the case at bar.

The plaintiff is loss payee under the policy. "Accordingly, the rights of the plaintiff are derivative from the insured and any defenses that the insurer may have against the insured are equally applicable against the plaintiff. The plaintiff's rights against the company rose no higher than those of the insured." *Polito* v. *Galluzzo*, 337 Mass. 360, 363.

The denial of the plaintiff's request for ruling number 4 was error. **The judgment for the plaintiff is to be vacated and judgment entered for the defendant.**

McLAUGHLIN BROTHERS
  for Plaintiff
BADGER, PARRISH, SULLIVAN
  for Defendant