Welsh, J.
In this civil action based upon a contract in writing, the plaintiff hospital *4 seeks to recover damages for special duty nursing care rendered to the daughter of the defendant.
The defendant denied that he ever authorized the special duty nursing services and asserted that there was no medical necessity for such services.
The trial court found for the plaintiff in the sum of $ 1005.00 with interest from the date of entry of the action and awarded attorney fees in the sum of $335.00.
The defendant, claiming to be aggrieved by the court’s actions upon various requests for rulings he submitted, fded two (2) draft reports on February 11, 1981, said draft reports differing primarily as to form. Each draft report contained a statement that it contained all of the evidence material to the questions submitted.
The trial judge entered an order on February 23,1981 dimissing both draft reports for failure to comply with the statutes and rules applicable to draft reports. The judge filed a certificate setting forth the reasons for his action as follows:
After hearing, defendant’s draft reports are dismissed for the following reasons:
1. Defendant simultaneously filed two draft reports, each entitled ‘Report,’ in each of which the defendant claims to be aggrieved by rulings on the same requests. 1 decline to make a selection between the reports.
2. Neither report includes any report of the oral testimony on which the Court’s findings of fact are based in part.
At issue is the propriety of the judge’s order dismissing the draft reports. We determine that the trial judge acted lawfiilly and did not abuse his discretion in so doing. Accordingly, we affirm the order dismissing the draft reports.
1. The appellant correctly contends that the appropriate remedy for one aggrieved by the trial judge’s action in dismissing draft reports by reason of non-compliance with statutes and rules of court governing appellate review is by way of a report on the issues of law involved in the dismissal. Gallagher v. Atkins, 305 Mass. 261, 264 (1940); Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 258 (1976). The dismissal and the reasons therefor are properly before the appellate division for determination.
2. We hold that the present appellate scheme for review as embodied in the statutes and rules of court does not countenance the practice of filing a plurality of draft reports in different forms and requiring the trial judge to make an election as to which draft report will form the basis for further proceedings in the trial court to settle the report. Such a practice tends substantially to confound the prescribed process for obtaining appellate review in several respects. First, it tends unwarrantedly to shift the burden to the trial judge regarding the initial formulation of the proposed record on appeal. Since it is this initial formulation process which serves as the focus of proceedings in the trial court to effect a just, prompt and efficient settlement of the record, it is both unseemly and an imposition upon the judge to put him in the dilemma of initially determining which among alternative formulations will serve as the basis for further proceedings to settle the record. The rules envision the judge as the one who superintends the process and who is ultimately responsible for the end product, i.e., the report he signs; to cast him in the role of a partisan by compelling him to choose from among different draft reports is inconsistent with his function of impartially superintending the process. Secondly, such a practice would cause dysfunction as to the well-defined course established by legal precedents governing petitions to establish reports. The teaching of a substantial body of case law in this field is that the only draft report which may properly be established in a petition to establish a report is the first draft report filed by the appellant, not some amended or subsequent one. Sea Street Auto Body, Inc. v. Mullis, 55 Mass. App. Dec. 142 (1974). If an appellant is permitted to file a plurality of draft reports at die same time, as apparently occurred here, substantial uncertainty and confusion is likely to result concerning which draft report the petitioner is entitled to have established. Thirdly, an *5 appellant would gain for himself an unfair advantage by refusing to commit himself at the outset to one version of the draft reports filed, placing both his adversary and the court in a position of not knowing which version will be the basis for proceedings to settle the record.
We have pointedly insisted upon the principle that all claims of error be reduced to one draft report whenever practicable. Ken Boyer Ford, Inc. v. Winslow, Mass. App. Div. Adv. Sh. (1977) 1152, 1155. We have staunchly disapproved of the practice of filing a “temporary” draft report and following it up filing a “supplementary” draft report on the same day. Kelleher v. Thompson, Mass. App. Div. Adv. Sh. (1978) 113, 115-116. We have also inveighed against the practice of attaching a transcript as part of the report. Rhode Island v. Montijo ,[3] This principle is analogous to similar holdings by the Supreme Judicial Court as regards attempts to include transcripts as a part of a conventional narrative bill of exceptions.[4] Cornell-Andrews & Co. v. Boston & Prov. R.R., 215 Mass. 381 (1913); Rines, Petitioner, 331 Mass. 714 (1954). When cases are tried together we have encouraged the practice of using a consolidated report as a vehicle for appeal. Sarault v. Baia 13 Mass. App. Dec. 195, 196 (1957). The trial justice does not abuse his discretion by declining to sign a report which does not conform to the rules. See Sherbros Inc. v. Arlington Corp., 17 Mass. App. Dec. 127 (1958).
While the rule does not, in so many words, forbid the filing of more than one draft report, the language of the rule is consistently in the singular and not the plural. Clearly, the rule contemplates only that the appellant will file but a single draft report for initial consideration.
3. Neither draft report contained a narrative summary of the oral testimony upon which the trial judge based some of his findings of fact. The defendant contends that a narrative summary of the oral testimony is unnecessary because the questions sought to be reviewed depended upon the written exhibits which were incorporated in the draft reports. We do not agree. The report should state in summary fashion the evidence upon which the findings were made. Arlington National Bank v. Travelers Insurance Co., 53 Mass. App. Dec. 113, 116 (1974). Furthermore, the evidence ought to be stated separately from the findings. Menotomy Realty Corp. v. French, 55 Mass. App. Dec. 21, 30 (1974). While a reviewing court may choose to overlook an admixture of findings and evidence in support thereof, (See Olofson v. Kilgallon, 362 Mass. 803 [1973]), the trial judge need not sign a draft report which deviates substantially from the required format without sufficient cause.
We grant that the case depended in large measure upon the correct interpretation of documents and various written exhibits that were introduced at trial. It appears that the trial court made some crucial findings of fact which depended at least in part upon oral evidence. Illustrative of these is the following: The trial judge found, inter alia, that because of the severe depression experienced by the defendant’s daughter, the staff psychiatrist at the plaintiffs hospital sought to reach the defendant by telephone to inform him of the necessity of special duty nursing and the lack of insurance coverage for such services, but was unsuccessful. The financial agreement the defendant signed permitted the hospital to incur certain enumerated extraordinary expenses, subject to the limitation that prior approval from the defendant be obtained in advance where reasonably possible. Although the judge concluded that round the clock nursing services were not within the enumerated categories of extraordinary expenses, his ultimate conclusion on the issue of liability might also be sustained altemátively on the subsidiary finding that the staff psychiatrist had tried to reach the defendant to obtain prior approval but was unsuccessful in doing so. In other words, the necessity to obtain prior approval *6 might be dispensed with due to reasonable but unsuccessful efforts to reach the defendant. Thus, the oral testimony relating to the judge’s finding was both cogent and pertinent on the issue of liability.
4. We have carefully considered the effects of appellant’s failure to comply with pertinent procedural rules and statutes in the light of the guidelines established by the Supreme Judicial Court in the case of Cape Cod Bank & Trust Co. v. LeTendre, Mass. Adv. Sh. (1981) 2055. Under the circumstances of this case and for the reasons outlined in parts 2 and 3 of this opinion, we conclude that such failure to comply was substantial and was inimical to the scheme of orderly appellate review and that no error of law was shown by the trial judge’s exercise of discretion in dismissing the draft reports.
The order of the trial judge dismissing the draft reports is affirmed, and the report based upon such action is dismissed.

 1980 Mass. App. Div. 146.

 Commonwealth v. McGrath, 361 Mass. 431, 433 (1972).