CHESWELL, INC. and Wesfield
Construction Co., Inc.,
Plaintiffs,

v.

PREMIER HOMES AND LAND COR-
PORATION, James Kenney, Monson
Savings Bank and Robert Ward, De-
fendants.

No. CIV.A. 02–30115–KPN.

United States District Court,
D. Massachusetts.

July 19, 2004.

Deborah D. Ferriter, Felicity Hardee, Joshua P. Grey, Bulkley, Richardson & Gelinas, LLP, Springfield, MA, for Cheswell, Inc., Wesfield Construction Co., Inc.

Michael J. Coyne, Bacon & Wilson, P.C., Springfield, MA, for Monson Savings Bank.

Robert M. Mack, Morrison, Mahoney & Miller, Springfield, MA, for Robert Ward.

David J. Noonan, Attorney at Law, Amherst, MA, for Premier Homes and Land Corporation.

James Kenney, Belchetown, MA, Pro se.

*FURTHER MEMORANDUM AND ORDER WITH REGARD TO ROBERT WARD'S MOTION FOR SUMMARY JUDGMENT (Document No. 115)*

NEIMAN, United States Magistrate Judge.

On May 26, 2004, the court was prepared to deny Robert Ward ("Ward")'s motion for summary judgment as to Count Eleven, alleging negligence, "subject to proof that Chesterfield properly assigned to Plaintiff [i.e., Cheswell, Inc.,] its rights arising out of the relationship between Chesterfield and Ward." Since that time, the court has received ample evidence from Plaintiff that a valid assignment did indeed occur. Specifically, in affidavits signed on June 3, 2004, Richard Harrington, James H. Loney and James A. Loney confirm that, as of January 30, 2002, they intended to assign all of their interest in Chesterfield to Plaintiff. A General Assignment to that effect—"dated as of January 30, 2002"—is attached to each affidavit.

To be sure, Ward has challenged the General Assignment, arguing that there is no evidence it was executed, in writing, prior to the filing of the complaint, let alone the dissolution of the Chesterfield partnership. However, the court finds Ward's challenge unavailing.

First, assignments need not be in writing to be enforceable by the court. Ward's assertion to the contrary is based on Mass. Rev. Laws ch. 173, § 4, as applied in *Bowen v. N.Y. Cent. Hudson River R.R. Co.*, 202 Mass. 263, 88 N.E. 781 (1909), but that statute was repealed on December 30, 1920. *See* Mass. Gen. L. ch. 282. As Plaintiff points out, present case law indicates that "[i]n the absence of an applicable statute the manifestation of present intention [to assign] need not be in writing." *In re Gull Air, Inc.*, 90 B.R. 10, 13 (Bankr.D.Mass.1988). Rather, "an assignment is made when the assignor intends to assign a present right, identifies the subject matter assigned and divests itself over the subject matter assigned." *Id. See also Kagan v. Wattendorf & Co.*, 294 Mass. 588, 3 N.E.2d 275, 279 (1936) ("A valid assignment may be made by any words or acts which fairly indicate an intention to make the assignee the owner of a claim."). In the instant case, the affidavits clearly demonstrate that Harrington and the Loneys on January 30, 2002, had the then present intention to transfer all of their interest in Chesterfield to Cheswell and that the assignment occurred as of that date.

Ward's second argument—that the General Assignment is void because it was not made prior to the filing of the complaint against Ward on May 6, 2003—is not only wrong (as described, the assignment occurred as of January 30, 2002) but, again, based on a repealed statute. *See* 1995 Mass. Acts 377, repealing Mass. Gen. L. ch. 231, § 5. Accordingly, Ward's reliance

on *Bloom v. New Brunswick Fire Ins. Co.,* 268 Mass. 28, 167 N.E. 252 (1929), which, in turn, relied on Mass. Gen. L. ch. 231, § 5, is misplaced. *Cf. Rosenberg v. Seattle Art Museum,* 124 F.Supp.2d 1207, 1210 (W.D.Wash.2000) (recognizing assignment made after judgment).

 Third, it is undisputed that, according to Massachusetts' Partnership Act, "[o]n dissolution [a] partnership is not terminated, but continues until the winding up of partnership affairs is complete." Mass. Gen. L. ch. 108A, § 30. Ward himself asserts that if the assignment in question occurred as of January 30, 2002, which it did, it should be considered part of the "winding up" process.

Finally, as Plaintiff argues, Fed. R.Civ.P. 17(a) would appear to demand that summary judgment not enter with respect to Count X even if the assignment were somehow invalid. Rule 17(a) provides that

> Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest
> ....

Thus, if Harrington and Loney, rather than Cheswell, were considered the real parties in interest, the court would have little choice but to allow a reasonable time for their substitution. *See Green v. Horton,* 326 Mass. 503, 95 N.E.2d 537, 539 (1950). *See also Agri–Mark, Inc. v. Niro, Inc.,* 190 F.R.D. 293, 295 (D.Mass.2000) ("The requirement in Rule 17(a) that an action be prosecuted in the name of a 'real party in interest' is based on the principle that the pleadings in a case 'should be made to reveal and assert the actual inter-est of the plaintiff, and to indicate the interests of any others in the claim.'") (quoting *United States v. Aetna Cas. & Sur. Co.,* 338 U.S. 366, 382, 70 S.Ct. 207, 94 L.Ed. 171 (1949)). That would, of course, bring us to the very point we are now.

For all these reasons, the court hereby DENIES Ward's motion for summary judgment as to Count Eleven. The clerk's office shall schedule a case management conference.

IT IS SO ORDERED.