**Etta F. WHITE et vir, Appellants,**

**v.**

**TRANSIT CASUALTY COMPANY,**
**Appellee.**

No. 14770.

Court of Civil Appeals of Texas.

Houston.

March 31, 1966.

Rehearing Denied May 5, 1966.

Schwartz & Lapin, Newton B. Schwartz, Houston, for appellants.

Vincent W. Rehmet, Houston, Barrow, Bland, Rehmet & Singleton, Houston, of counsel, for appellee.

BELL, Chief Justice.

Appellee filed suit against August E. Brode, James Lawrence Carr, Etta F. White and her husband, Golden J. White, seeking a judgment declaring that it was not obligated to defend Brode or Carr in any suit brought by the Whites to recover damages resulting to Mrs. White from personal injuries received by her when a truck belonging to Brode and apparently driven by Carr struck the automobile driven by Mrs. White.

The only suit that has been brought was against Brode. By the time of trial of this case below the statute of limitation had intervened as to Carr. Too, the suit sought a declaration that appellee would have no obligation to pay any part of any judgment that appellants might recover. The basis of the suit was the failure of Carr and Brode, the assureds, to give notice of the accident as required by the policy of public liability insurance issued by appellee.

The court, after trial without jury, rendered judgment favorable to appellee in all respects as prayed for.

It appears that Brode and Carr were brothers-in-law and during October, November and December, 1960, lived together at 1805 Havner Street in Houston. In November, 1960, Brode purchased a truck, making a part payment on the purchase price. He took title in his name. He had had an operation on his back and was unable at the time to operate the truck. He and Carr agreed that Carr would operate the truck. From the revenue derived from its operation, the deferred payments on the purchase price and expenses of operation were to be made and any profit was to be divided equally between them.

Brode obtained a policy of public liability insurance covering the truck. He was named assured. Carr was, under the facts appearing here, an additional, though an unnamed, assured.

On December 7, 1960, the truck, while apparently being driven by Carr, was in collision with the automobile driven by Mrs. White.

Brode denies that he ever knew of the accident until he was sued. Carr is not heard from in the record except through a hearsay statement introduced through the insurer's claim adjuster. It can have no effect on the rights of Brode and the Whites. Neither Brode nor Carr ever gave any notice to appellee. When Brode was served with citation he had it sent to appellee.

On December 30, 1960, the then attorney for the Whites, Mr. Filer, wrote a letter to Brode addressed to 1805 Hauner Rd. in Houston. The name of the street should have been Havner. Brode denies he ever received the letter. He moved from that address the last part of December or the first part of January. A copy of the letter was sent to appellee at its correct address in St. Louis, Missouri. It was received by appellee according to the date stamped on it by appellee, on January 6, 1961. The letter stated the attorney had been employed to represent Mrs. White to present her cause of action growing out of the automobile collision occurring "at or near Harris County, Texas" on December 7, 1960. It also stated a copy of the letter was being sent appellee advising it of the attorney's interest and threatened suit if there was no reply in seven days.

On January 24, 1961, appellee wrote the manager of Kuhn Claim Service in Houston enclosing the copy of the letter from the attorney. Appellee's letter showed as assured "Harris Independent Truck Association, August E. Brode". Brode had joined this association and his truck was operated by Carr in doing work obtained for its members by the association. The letter also stated this:

"This office does not seem to have a file concerning this accident and it would be appreciated if you would make an investigation of same and obtain a loss report from our assured and conduct whatever further contacts seem dictated with claimants' attorney following said investigation.

"Please acknowledge receipt and acceptance of this assignment for purposes mentioned herein.

"This office will look forward to receiving a report concerning your investigation, along with your recommendations for bringing this file to an early conclusion."

Kuhn immediately after receiving the letter of January 24 began to try to locate Brode. He knew nothing of Carr at this point. He went to the Harris County Independent Truck Association and was only able to locate the correct address of Brode. He could learn nothing more of Brode. He went to the address and the house was vacant. The neighbors of whom he inquired could tell him nothing of Brode's whereabouts. He then contacted G.M.A.C., where the truck had been financed, but could get no information. The truck had been repossessed. He went to the Houston Police Department but could get no help as he had no location of the accident. He made no further investigation.

On April 12, 1962, after suit was filed against Brode, Mr. Kuhn and the appellee's attorney went to the V. A. Hospital where Brode had been located. Brode executed a non-waiver agreement. Mr. Brode gave them information that helped locate Mr. Carr. Mr. Kuhn later talked to Mr. Carr. It appears that Mr. Carr had reported the accident to the Department of Public Safety in Austin. Mr. Kuhn never contacted Mrs. White's attorney. No non-waiver agreement was taken from Carr. He has never been sued.

There was no pleading by the defendants of waiver. There is no contention that there was anything that prevented Carr from notifying appellee of the accident and there was evidence that he had read the policy and therefore knew its contents. There is no contention that Brode, had he known of the accident, could not have promptly given notice. It should be noticed that in this proceeding judgment by default was rendered against Brode and Carr.

The contentions of the Whites are that the attorney for the Whites in his letter of December 30, 1960, gave notice "on behalf" of Brode and Carr, and if this was not of itself sufficient notice at least sufficient information was given appellee from which it could get full information on the accident and it has therefore not been injured by failure of the assured to give notice. Too, it is urged Brode is excused because he did not know of the accident.

The policy provision, which is a condition precedent to appellee's liability to the assureds, reads as follows:

### Conditions

"Notice of Accident—Coverages A, B and C. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

We are of the view that appellants' position is contrary to the law as established by New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56, and Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95, both cases being decisions by the Supreme Court of Texas.

In the Hamblen case, the assured had no notice of the accident until suit was filed on August 4, 1937. The insurer had no notice of the accident until it received a letter from the assured's attorney March 8, 1938. The insurer refused to defend after demand. The assured's attorney successfully defended the suit and filed suit to recover a reasonable attorney's fee and expenses in defending the suit. The jury found the assured did not give notice of the citation within a reasonable time after receiving it but that the insurer suffered no injury by reason of such failure and was not thereby prevented from making any defense in the suit. The trial court rendered judgment on the verdict favorable to the plaintiff. The Court of Civil Appeals affirmed. The Supreme Court reversed the lower courts and rendered judgment for the insurer. The effect of the holding is that liability is determined, not by whether the insurer was injured, but by the terms of the contract and by the contract the giving of notice (in this case of the citation) was a condition precedent to liability.

In the Klein case, the assured gave no notice to the insurer of the accident. However, a few days after the accident the insurer "in some way" learned of it and employed an adjuster to investigate the accident. It does not appear to what extent investigation was made, but it appears that the first notice from the assured was 32 days later when the adjuster took a statement from the assured. The court notes there was no claim of waiver. It then holds that though the insurer had notice, no timely notice was given by or on behalf of the assured and that such notice was a condition precedent to liability.

The Whites urge the notice by their attorney was notice "on behalf" of the assured. We think not. We think the term "on behalf of" means someone has given notice who was authorized by the assured to act for him. If we be incorrect in this conclusion, we are of the view the notice was not a sufficient compliance with the notice provision. The letter gave the assured's name and the name of the injured party. It did not give the injured party's address or the names or addresses of the witnesses. It did not give the time of the accident, but did give the date. It merely stated the accident occurred "at or near Harris County". It gave no circumstances of the accident.

As above stated, there was no pleading of waiver. Had there been there would remain no evidence of waiver because all that the insurer did, after receiving the attorney's letter, was to try to locate the assured. Such other investigation it made was after Brode had executed a non-waiver agreement. And even after this the only investigation seems to have been an interview with Carr.

The Whites here attack the court's conclusion that Brode and Carr were partners. In this case it seems immaterial whether they formed a partnership or a joint venture or whether Carr was Brode's agent. In either event Brode was legally

charged with knowledge of the accident in which his truck was involved when it was driven by one with his express permission.

Affirmed.