**NAN TRAVIS MEMORIAL HOSPITAL,
Appellant,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellee.**

**No. 25054.**

United States Court of Appeals
Fifth Circuit.

May 3, 1968.

James H. Rounsaville, Jacksonville, Tex., for appellant; Norman, Rounsaville, Hassell & Spiers, Jacksonville, Tex., of counsel.

Jack W. Flock, Tyler, Tex., for appellee; Ramey, Brelsford, Flock & Devereux, Tyler, Tex., of counsel.

Before RIVES, BELL and GOLD-BERG, Circuit Judges.

PER CURIAM:

The District Court rendered summary judgment in favor of appellee St. Paul declaring that it was under no duty to defend appellant hospital or to pay any judgment that might be rendered in a state court suit brought by a patient and her husband against the hospital and a surgeon. The patient entered the hospital on July 5, 1966 for the purpose of having a laparotomy pad removed from her abdominal cavity which pad had been left in the abdominal cavity in a prior surgical procedure. The hospital received notice of this event two or three days after July 5, 1966 but failed to give notice of the occurrence to St. Paul, its insurance carrier, until October 25, 1966. The administrator of the hospital investigated the matter and determined that no suit would be filed and deemed it unnecessary to give notice to St. Paul. The suit for declaratory judgment was premised on the hospital's failure to give notice, as required by the insurance contract, as soon as practicable.

The pertinent portions of the insurance contract were before the court and the duty of the hospital to give notice is clear. The delay in giving notice is not disputed and the facts surrounding the investigation by the hospital administrator are also undisputed.

It is established under Texas law that failure to give timely notice as was required by the insurance contract in question constitutes a breach of the contract and relieves the insurer of the obligation to defend or indemnify. McPherson v. St. Paul Fire & Marine Insurance Company, 5 Cir., 1965, 350 F.2d 563; Cf. Malone and Hogan Hospital Foundation v. Boston Insurance Company, 5 Cir., 1967, 378 F.2d 362. The hospital was not relieved of its breach by the investigation and determination of the hospital administrator that there was no liability. The investigation was cursory in that the matter was not discussed with the patient or her husband. See Yorkshire Indemnity Company of New York v. Roosth & Genecov Production Company, 5 Cir., 1958, 252 F.2d 650;

Dunn v. Travelers Indemnity Co., 5 Cir., 1941, 123 F.2d 710; Malone and Hogan Hospital Foundation v. Boston Insurance Company, supra.

■ It appearing that there was no genuine issue as to any material fact and that St. Paul was entitled to judgment as a matter of law, it was not error to grant summary judgment. Shahid v. Gulf Power Company, 5 Cir., 1961, 291 F.2d 422, reh. den., 298 F.2d 793 (1962).

Affirmed.