STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Plaintiff-
Appellant,

v.

Lynette OLIVER, Executrix of the Estate
of Katherine M. Haun,* and Mamie
E. Fultz, Defendants-Appellees.

No. 18520.

United States Court of Appeals
Sixth Circuit.

Jan. 21, 1969.

John R. Gilliland, Memphis, Tenn. (R. Grattan Brown, Jr., Memphis, Tenn., on the brief), for appellant; Montedonico, Gilliland, Heiskell, Davis, Canale & Glankler, Memphis, Tenn., of counsel.

Virgil W. Padgett, Memphis, Tenn., for Mamie E. Fultz.

B. R. Hester, George L. Turnage, Jr., Memphis, Tenn., for Katherine M. Haun.**

Before O'SULLIVAN and CELEBREZZE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Since January of 1943, Mamie E. Fultz and Katherine M. Haun, retired school teachers and Appellees herein, have lived together in Memphis, Tennessee, in a home owned by Haun. Appellees have always shared in the household expenses, including the monthly mortgage payments on the home and upkeep and operating expenses on a 1956 Chevrolet also owned by Haun. Fultz contributed to premiums on a liability

---

* Katherine M. Haun passed away October 1, 1968, after the District Court proceedings herein, and Appellee Lynette Oliver was substituted as a party for purposes of this appeal.

** On November 4, 1968 Lynette Oliver was substituted for Katherine M. Haun, deceased.

policy State Farm issued to Haun, which covered the automobile. This dispute centers on Clause (e) of that policy which provides that State Farm shall not be liable "for bodily injury to the insured or any member of the family of the insured residing in the same household as the insured." Haun drove into a utility pole and Fultz was injured. State Farm brought a declaratory judgment action in the United States District Court for the Western District of Tennessee seeking a declaration that Fultz was a member of Haun's family within the meaning of the exclusion. The Court held adversely to State Farm which contends here, as it did below, that the exclusion clause properly construed embraces Appellee Fultz as a member of Haun's family. We affirm the judgment of the District Court.

Although the Tennessee courts have not as yet dealt with the precise question before us, a Tennessee court of appeals has suggested that the word "family" connotes a relationship by blood or marriage. Dressler v. State Farm Mutual Auto Ins. Co., 52 Tenn.App. 514, 376 S.W.2d 700 (1963). Other courts have indicated the same. See, e. g., Tomlyanovich v. Tomlyanovich, 239 Minn. 250, 58 N.W.2d 855, 50 A.L.R.2d 108 (1953).

Appellant would dismiss such statements as dicta; nonetheless they indicate the popularly held meaning of the word "family". Webster, moreover, defines the word "family" as the body of persons who live in one house, and under one head or manager. Webster's New International Dictionary (3d ed.) (1947). Appellant recognizes, furthermore, that words in a contract of insurance will be construed in light of their plain, popular, and ordinary meaning and against the party using them. Preferred Accident Ins. Co. of New York v. Onali, 125 F.2d 580 (8th Cir. 1942). The record shows that Appellees shared all household expenses; that each was economically independent; and that neither looked to the other for guidance. To say under these circumstances that Appellees constituted a "family" within the meaning of the exclusion would give controlling weight to the purpose State Farm had in mind when it wrote the exclusion—here to avoid claims by persons whom the insured would naturally favor—while ignoring to Appellees' detriment the ordinary meaning of the words State Farm chose to express that purpose. This, however, would be applying the rule in reverse; as Judge Hand said in Gaunt v. John Hancock Mutual Life Ins. Co., 160 F.2d 599 (2d Cir. 1947), cert. denied, 331 U.S. 849, 67 S.Ct. 1736, 91 L.Ed. 1858, "insurers who seek to impose upon words of common speech an esoteric significance intelligible only to their craft, must bear the burden of any resulting confusion."

Affirmed.