GEORGE M. ROMANOS, JR. *vs.* THE HOME INSURANCE COMPANY & another.

Suffolk. January 7, 1969. — March 21, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Insurance,* Fire insurance: proof of loss, waiver, condition precedent, warranty. *Waiver. Law or Fact.*

Evidence in an action on a Massachusetts fire insurance policy warranted findings by the judge that the insurer did not, under G. L. c. 175, § 102, or otherwise, waive the requirement of the policy that proof of the loss be furnished to the insurer "forthwith." [501–502]

---

Failure of the insured under a Massachusetts fire insurance policy to furnish a proof of loss to the insurer until some two months after a loss did not comply with the requirement of the policy that the proof of loss be furnished "forthwith." [502]

On undisputed facts, whether a proof of loss was furnished "forthwith" by the insured under a Massachusetts fire insurance policy was a question of law. [502-503]

A clause in a "cover note" issued by an insurer against fire, "Warranted same terms and conditions as and to follow the settlements of" another insurer which had issued a fire policy on the same property required, as a condition precedent to liability of the "cover note" insurer upon a loss, that the other insurer should be liable on its policy, so that, where the other insurer was not liable because of failure of the insured to furnish a proof of loss "forthwith," the "cover note" insurer was rendered not liable. [503-504]

CONTRACT. Writ in the Superior Court dated September 30, 1959.

The action was heard by *Fairhurst*, J., without jury.

*Morris Michelson* for the plaintiff.

*Donald P. Wieners* for The Home Insurance Company.

*Robert A. Romero, Jr.*, for Raymond Wilson Sturge.

REARDON, J. The plaintiff brought an action in contract against the defendant The Home Insurance Company (Home) on a fire insurance policy issued by Home, and also against the Underwriters at Lloyd's of London (Lloyd's) on cover notes issued by it on the same property insured by Home. By stipulation, Raymond Wilson Sturge was substituted as defendant for Lloyd's. In its answer Home alleged that its policy had been cancelled before the date of the loss and that the plaintiff had failed to file with it a sworn statement of the particulars of the loss as required by the policy. Lloyd's denied liability, largely on the basis of clauses in its two cover notes reading:

"Warranted same terms and conditions as and to follow the settlements of Home Ins. Company and that said Company has at the time of any loss and at the same gross rate at least $5,000 (subject only to reduction by amount of any loss not reinstated) on the identical subject matter and risk and in identically the same proportion on each separate part thereof.

"This Policy is subject without notice to the same con-

ditions, endorsements, assignments and alterations of rates
as are or may be assumed in the above-mentioned Com-
pany's Insurance upon which this Policy is based."

The trial judge made exhaustive and careful findings of
fact. From these it appears that the plaintiff bought from
one Dubin buildings located at the corner of Tremont and
Camden streets in Boston, on which Dubin had obtained
the policies of fire insurance which underlie this action.
After a lengthy review of evidence bearing on the question,
which it is unnecessary to detail here, the trial judge found
that the Home policy had not been cancelled,[1] but found
also that, in view of some question on that point, the plaintiff
had secured an additional and third cover note from Lloyd's.
The insured premises were severely damaged by a fire oc-
curring on November 30, 1958. It was not, however, until
January 29, 1959, that the plaintiff forwarded to Home a
sworn and written proof of loss. Prior to this date Lloyd's
had appointed one Dalton as an adjuster of its liability but
Home appointed no one. Payment was made to the plaintiff
on the third Lloyd's policy which did not contain the war-
ranty clause. On March 31, 1959, Home rejected the plain-
tiff's claim on the basis that he had not filed his statement in
writing "forthwith" as required by the policy. Conform-
able to that contention the judge ruled that he had failed to
comply with his contract and found for Home on each of the
three counts of the plaintiff's declaration.[2]

1. The plaintiff first argues that the evidence warranted
a finding against Home on the basis that Home's defence
of lateness of proof of claim had been waived. The policy
which Home issued was a standard form fire insurance
policy written in accordance with G. L. c. 175, § 99, requir-
ing the rendering "forthwith" of a statement in writing
containing specific information on the loss asserted. Com-
pliance with the requirement was a condition precedent

---

[1] The propriety of this ruling is not before us.

[2] The case was tried in company with cases involving the mortgagee and
the broker. See *Home Owners Fed. Sav. & Loan Assn.* v. *Northwestern Fire
& Marine Ins. Co.* 354 Mass. 448.

to recovery on the policy. *Nichols* v. *Continental Ins. Co.*
265 Mass. 509, 511. The burden of pleading and proving
either satisfaction of policy obligations or waiver of them
by the insurer is on the plaintiff. *Hannuniemi* v. *Carruth,*
278 Mass. 230, 232. "Waiver is the intentional relinquish-
ment of a known right." *Niagara Fire Ins. Co.* v. *Lowell
Trucking Corp.* 316 Mass. 652, 657, and cases cited. The
trial judge found that Home never waived the policy re-
quirement of a written sworn statement. We see nothing
in the record to support the plaintiff's contention that it did.

Nor can the plaintiff rely in the circumstances of this
case on G. L. c. 175, § 102.[3] He seeks relief from his obliga-
tion to file his statement "forthwith" on the ground that
an agent for Home appointed an adjuster shortly after the
fire. The judge, however, found that Home never appointed
such an adjuster and that, therefore, no waiver under the
statute was established. We conclude that there was no
error in the ruling by the judge, based on his findings,
that the plaintiff had failed to comply with the policy
provision requiring a signed and sworn proof of loss to be
rendered "forthwith." And in view of his findings, not-
withstanding the plaintiff's argument, based on certain
requests not given, it is our opinion that this matter is not
in any sense to be governed by *Bresnick* v. *Heath,* 292 Mass.
293, 298–299. Since, as the judge ruled, the plaintiff was
not relieved of the obligation to submit his proof of loss
"forthwith," we are further of opinion that a statement
following a sixty day delay is in this situation not in com-
pliance with the policy requirement. The statement should
have been sent as soon as "the exercise of reasonable dili-
gence . . . [enabled] the assured to send it." *Parker* v.
*Middlesex Mut. Assur. Co.* 179 Mass. 528, 530. Due diligence
in the circumstances was a question of law for the trial

[3] General Laws c. 175 § 102, as amended through St. 1934, c. 110, § 1,
provides in part that ", [i]f such an insured fails both to render a sworn state-
ment as required by the policy and to give such a written notice as aforesaid
and if the company sends an agent or representative to the insured for the
purpose of investigating, estimating or appraising the loss or damage or ad-
justing the claim therefor, such failure shall not preclude recovery under the
policy."

judge. *Smith* v. *Scottish Union & Natl. Ins. Co.* 200 Mass. 50, 53. *Depot Cafe Inc.* v. *Century Indem. Co.* 321 Mass. 220, 224. He cannot be said to have been in error in his determination that there was no exercise of due diligence in this case.

2. Relative to the Lloyd's cover notes, the plaintiff alleges that any defence of "lateness of notice" is not available in that Lloyd's did send an adjuster shortly after the fire and, hence, referring again to G. L. c. 175, § 102, must be deemed to have waived the requirements for notice and proof of loss. He argues that Lloyd's cannot work a forfeiture "simply because the adjuster did not also represent Home nor on ambiguous language in its cover note." Lloyd's, however, has taken the position that it "does not rely upon lateness of notice in connection with its refusal to settle the two policies containing the warranty clause," further stating that the dispatch of an adjuster and consequent settlement under the third Lloyd's policy which did not contain a warranty clause have no bearing on its liability under the policies which did contain that clause. The merit of its defence can be ascertained only by appropriate interpretation of the language, "Warranted same terms and conditions as and to follow the settlements of Home Ins. Company . . . ."

Lloyd's has cited *Barnard* v. *Faber*, [1893] 1 Q. B. 340, and *Beauchamp* v. *Faber*, [1898] 14 T. L. R. 544. The *Beauchamp* case, similar to the case at bar, involved a situation where the primary insurance was in effect at the time of the loss but recovery was denied on the basis of a clause in the policy. It was held that recovery on the warranty policy was also defeated thereby. *Federal Intermediate Credit Bank* v. *Globe & Rutgers Fire Ins. Co.* 7 F. Supp. 56, 65–66, cited the *Barnard* case with approval, stating that "the liability of the particular policy [Lloyd's] will depend on the liability of the other policy [Home] for loss occurring," and further said, "[I]t is apparent that the purpose of the [warranty] clause is to require concurrency." This view commends itself to us.

As we see it, the word "follow" in the clause can be interpreted to mean either later in point of time or to be of the same nature of settlement as that of the local company. In either case since compliance with the warranty is a condition precedent to recovery, there is no liability on Lloyd's in this matter. See *Charles, Henry & Crowley Co. Inc.* v. *Home Ins. Co.* 349 Mass. 723, 726.

*Exceptions overruled.*