**Richard HUDDLESTON, Appellant,**

v.

**TRADERS & GENERAL INSURANCE COMPANY, Appellee.**

**No. 8023.**

Court of Civil Appeals of Texas, Texarkana.

Feb. 16, 1971.

Rehearing Denied April 13, 1971.

C. V. Flanary, Flanary & Flanary, Cornett, Echols & Bailey, Paris, for appellant.

John H. Hall, Royal H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

RAY, Justice.

This is an appeal from a summary judgment rendered against the plaintiff (appellant) in the District Court of Lamar County. Appellant, Richard Huddleston, as plaintiff in another action, recovered a default judgment against one Willie L. Trout and then brought this action against appellee, Traders & General Insurance Company as the insurer of Trout. Appellee filed its motion for summary judgment in the trial court stating that its insured, Trout, had failed to give appellee timely notice of the occurrence at which appellant was injured. Taking the facts in the light most favorable to appellant, it was shown by deposition that appellant Huddleston sustained personal injuries on May 29, 1968, at a construction site in Honey Grove, Texas, when Willie L. Trout, appellee's insured, caused appellant to be knocked into a concrete "boot pit." On January 6, 1970, appellant secured a default judgment against Willie L. Trout in the sum of $15,000.00 in the District Court of Fannin County, Texas, in a separate lawsuit. After appellant was unable to collect on his judgment against Trout, appellant brought this suit against appellee on March 13th, 1970, alleging that he was a third party beneficiary under Trout's policy. Appellant stated that he notified appellee's insurance recording agent, Harold Ingram Hodges, of his injury "not over three weeks after the accident happened," and that in the telephone conversation with Hodges, appellant was told by Hodges that Trout was not covered by insurance that would benefit appellant. However, upon submitting written interrogatories to appellee, appellant learned that the "Harold Hodges Insurance Agency caused insurance coverage to be provided Willie L. Trout, d/b/a Trout Welding & Machine Shop, after May 29, 1968, retroactive to May 17, 1968." Trout testified by deposition that he did not notify Mr. Hodges of the incident when appellant was injured. Trout further testified on deposition that a year later when he received a letter dated May 20, 1969, from appellant's attorney he immediately gave it to Mr. Hodges, his insurance agent, and that when he was served with citation subsequent to May 29, 1969, he read it and mailed it to the Claims Department of Traders & General Insurance Company in Dallas, properly stamped and addressed, and that the envelope had his return address but it had never been returned to him, nor had he seen it since the time he personally placed it in the mailbox in Honey Grove.

Upon hearing, the trial court sustained the motion for summary judgment, holding no liability on the part of the defendant, Traders & General Insurance Company.

The only point of error raised by appellant is that the trial court erred in granting appellee's motion for summary judgment because there exists a genuine issue as to material facts, and that appellee is not entitled to judgment as a matter of law. The only real question in this case is whether or not the insured, Trout, timely notified his insurance company, Traders & General, of the accident in which appellant Huddleston was injured. The policy provides,

"4. Insured's Duties in the Event of Occurrence, Claim or Suit. (a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. * * *"

Assuming that Huddleston called Hodges, the insurance recording agent for Traders & General Insurance Company, and notified Hodges of the accident, such telephone conversation would not amount to the required notice under the terms of the policy. In White v. Transit Casualty Company, 402 S.W.2d 212 (Tex.Civ.App. Houston 1966, err. ref'd, n. r. e.) the court stated: "We think the term 'on behalf of' means someone has given notice who was authorized by the insured to act for him." There is no showing in the record that Trout authorized Huddleston to call Hodges, nor does Huddleston's testimony in his deposition indicate that he was acting on behalf of Trout. Further, the notice was not in writing as required by the policy. See Aetna Insurance Company v. Durbin, 417 S.W.2d 485 (Tex.Civ.App., Dallas 1967).

After the initial call by appellant to Hodges, there does not seem to have been any further action on the matter until Trout received a letter from appellant's attorney dated May 20, 1969, and was served with citation approximately a year later, at which time Trout stated that he mailed the citation to appellee. We are of the opinion that the facts developed by appellee were sufficient to demonstrate that, as a matter of law, the provisions of the insurance policy relating to the required notice had not been fulfilled. Again, taking the facts in the light most favorable to appellant and assuming that Trout mailed the citation to appellee promptly after having been served, and

that appellee did in fact receive the citation, still the notice required to be given by the insured, Trout, would not have been timely. Our Supreme Court has had occasion to pass upon and construe the identical provisions of the insurance policy in question. In the case of Allen v. Western Alliance Insurance Company, 162 Tex. 572, 349 S.W.2d 590 (1961) it was held that notice given 107 days after the accident was not "as soon as practicable." Again in the case of Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955), it was held that notice delayed for a period of 32 days was not "as soon as practicable" as a matter of law. In Trinity Universal Insurance Co. v. Weems, 326 S.W.2d 302 (Tex.Civ.App., 1959), the Court of Civil Appeals at Austin held that failure to give notice of the accident for three and one-half months was not "as soon as practicable" as a matter of law. The same conclusion was reached in Kellum v. Pacific National Fire Insurance Company, 360 S.W.2d 538 (Tex.Civ.App. Dallas 1962, writ ref'd, n. r. e.).

The present case can be distinguished from Members Mutual Insurance Company v. Cutaia, 460 S.W.2d 493 (Tex. Civ.App. Houston 14th, 1970) because the insurance company in that case had both actual knowledge of the accident and the suit that was brought against its insured. In the present case, we hold that there was no notice given to appellee for a period of approximately one year, since notice to the recording agent by appellant does not satisfy the notice requirement in the insurance policy. The failure to give timely notice of the accident by the insured in this case was fatal, even though the suit papers were immediately forwarded to the appellee by its insured, Trout. New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56 (1945). The Court stated there:

"* * * The necessary implication from the entire provision, it seems to us, is that the parties understood that the

general provision in the notice requirement, if left unqualified, invalidated all claims as to which immediate written notices were not given, and that the proviso was added to temper that harsh provision and make an exception in a case in which it is not reasonably possible to give such notice immediately. That is the only exception placed upon the notice requirement and we are not authorized to add the further one that a showing that no loss or damage resulted from the delay would relieve the insurer of the consequences of his failure to give immediate notice. Our conclusion is that, viewing the notice requirement under its designation as a condition and in connection with the proviso, the necessary implication to be drawn therefrom is that failure to give notice of an accident or suit as soon as reasonably possible invalidates the claim for indemnity * * *."

Under the decisions of this State, it does not appear that the third party beneficiary can give the required notice to the insurance company of his injuries, but such notice must come directly from the insured or one authorized to act for him (White v. Transit Casualty Co., supra). It is ironical that appellant called Trout's insurance agent, Hodges, and that subsequent to that call a policy of insurance was later issued covering the date of appellant's accident, but appellant cannot recover because he could not give the required notice; and, that the insured, Trout, who through ignorance or neglect, failed to give the timely notice, is now saddled with a $15,-000.00 judgment, while Hodges and appellee, Traders & General Insurance Company, each of whom received portions of the premium payments, are allowed to go free without any further obligation to the injured appellant nor their insured, Willie L. Trout. This case demonstrates the need for the Insurance Commission of Texas

to provide a method for the injured third party to be able to give the same kind of notice to the insurance company as is required by the insured himself. Should the Insurance Commission fail to make such provision, then it is suggested that the Legislature take whatever action it deems necessary to protect the injured third party. Members Mutual Ins. Co. v. Cutaia, supra; Cooper v. Government Employees Inc. Co., 51 N.J. 86, 237 A.2d 870 (1968); 74 Dickinson L.Rev. 260, 270–271; 68 Harv. L.Rev. 1436, 1437; Miller v. Marcantel, 221 So.2d 557. In Cooper, supra the court stated:

"And although the policy may speak of the notice provision in terms of a 'condition precedent', as Whittle observed, nonetheless what is involved is a forfeiture, for the carrier seeks, on account of a breach of that provision, to deny the insured the very thing paid for. This is not to belittle the need for notice of an accident, but rather to put the subject in perspective. Thus viewed, it becomes unreasonable to read the provision unrealistically or to find that the carrier may forfeit the coverage, even though there is no likelihood that it was prejudiced by the breach. To do so would be unfair to insureds. It would also disserve the public interest, for insurance is an instrument of a social policy that the victims of negligence be compensated. To that end companies are franchised to sell coverage. We should therefore be mindful also of the victims of accidental events in deciding whether a forfeiture should be upheld."

We have carefully considered the appellant's point of error and the cases in point, and find that appellant's point of error is without merit, and it is therefore overruled.

The judgment of the trial court is affirmed.