**HIGHLANDS INSURANCE CO.**

v.

**EMPLOYERS' SURPLUS LINES INSURANCE CO.**

Civ. A. No. 78–846.

United States District Court, E. D. Louisiana.

July 14, 1980.

**170**

Dermot S. McGlinchey, McGlinchey, Stafford, Mintz & Hoffman, New Orleans, La., for plaintiff.

Edward A. Rodrigue, Jr., Montgomery, Barnett, Brown & Read, New Orleans, La., for defendant–movant.

CHARLES SCHWARTZ, Jr., District Judge.

Highlands Insurance Company (hereinafter "Highlands"), the plaintiff in this case, seeks reimbursement from the defendant, Employers' Surplus Lines Insurance Company (hereinafter "Employers") on a policy of reinsurance issued to it by Employers. Defendant Employers moved for summary judgment. Counsel filed briefs on the motion, and the Court heard argument on June 11, 1980.

On October 22, 1970, Curtis Smith, a Louisiana resident, filed suit against J. D. Ward, doing business as Ward Drilling Company, Ward Drilling Company, Inc. (Louisiana entities), and as Waseca Chemical Company (hereinafter collectively referred to as "Ward") and against Highlands, Ward's insurance carrier, to recover for injuries sustained in an accident which occurred on February 28, 1970. Civil Action No. 73-3115, United States District Court for the Eastern District of Louisiana. His suit resulted in an award of $180,000 plus interest. Judgment was entered on October 31, 1972; the Court of Appeals for the Fifth Circuit affirmed on December 12, 1974.

Highlands defended Smith's suit against Ward and paid the entire resultant judgment without notifying Employers, the issuer of the reinsurance policy. Highlands sent the first notice of the accident and lawsuit to Employers on September 17, 1976, more than a year after satisfaction of the judgment and six and one-half years after the accident. Employers thereupon denied liability under the reinsurance policy, and the present action ensued.

Highlands is a Texas corporation with its principal place of business in Houston. Employers is a Delaware corporation with its principal place of business in Boston. Both do business in Louisiana. The reinsurance contract was executed in Massachusetts to cover liability for claims against Highlands. Eventual performance of this contract was to occur in Texas.

The policy at issue here reinsured a portion of the risk assumed by Highlands in issuing the original liability insurance policy to Ward. Under the terms of the reinsurance contract, Highlands was to retain the first $50,000 of risk, with Employers assuming responsibility for an additional $200,000, for a total liability coverage of $250,000 for claims made against Ward. The insurance and reinsurance policies each took effect on January 1, 1970.

The narrow issue presented today is whether notice of a claim six and a half years after an accident, and over a year after final resolution of the resulting litigation, relieves a reinsurer of its obligations under a contract which includes a provision for prompt notice.

As a defense to its liability, Employers relies upon a clause of the reinsurance contract requiring prompt notice of any accident which might result in liability:

Prompt notice shall be given to the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance and while the Reinsurer does not undertake to investigate or defend claims or suits it shall nevertheless have the right and be given the opportunity to associate with the Company and its representative at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance with full cooperation of the Company.

Obviously, since Highlands sent Employers the first notice of any kind more than a year after satisfaction of judgment, Employers was denied its contractual right to join in the defense of the personal injury claim at both trial and appellate levels.

Although the question of whether the requisite notice has been given promptly is generally one of fact, courts of both Texas and Massachusetts have held it to be a matter of law if the delay has been unreasonable under the undisputed facts of the particular case.[1] Accordingly, Employers seeks a ruling that the delay in this case was so grossly unreasonable as to constitute a breach of the contract of reinsurance, thereby releasing it from liability.

The resolution of this motion for summary judgment turns upon the determination of the state law—whether that of Louisiana, Texas, or Massachusetts—to be applied. This Court, sitting in Louisiana and hearing this case under the diversity jurisdiction, is bound to follow the Louisiana approach to conflicts of law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Supreme Court of Louisiana adopted the interest analysis method of resolving choice of law problems in *Jagers v. Royal Indemnity Co.,* 276 So.2d 309 (La.1973). Subsequently Louisiana courts and federal courts sitting here have applied the interest analysis to contract cases, thereby retreating from the *lex loci* approach to conflicts problems. *Wickham v. Prudential Insurance Co. of America,* 366 So.2d 951 (La.App. 1st Cir. 1978); *Sutton v. Langley,* 330 So.2d 321 (La.App. 2nd Cir.), *writs denied,* 332 So.2d 805, 332 So.2d 820, 333 So.2d 242 (La.1976); *Brinkley and West, Inc. v. Foremost Insurance Co.,* 499 F.2d 928 (5th Cir. 1974); *Ardoyno v. Kyzar,* 426 F.Supp. 78 (E.D.La. 1976); *Southern Insurance Co. v. Consumer Insurance Agency,* 442 F.Supp. 30 (E.D.La. 1977).

Interest analysis is a two-step process whereby the Court must first determine whether a true or false conflict exists. If a true conflict exists, the Court applies the significant contacts approach of the Restatement Second of Conflicts of Law to determine which of the competing states' interests is dominant and hence prevailing. *See Ardoyno, supra,* at 81. If the alleged conflict is a false one, however, there is no need for such analysis; law of a state having no interest in a given matter is of course not to be applied to that matter.

Highlands argues that Louisiana has a continuing interest in this litigation stemming from its interest in enforcing obligations under reinsurance contracts which ultimately affect the rights and liabilities of its citizens under insurance policies. Highlands urges that Louisiana's interest encompasses the entire scope and all the ramifica-

---

1. Texas cases where the court has found the delay in giving notice to be unreasonable as a matter of law are: *McPherson v. St. Paul Fire and Marine Ins. Co.,* 350 F.2d 563 (5th Cir. 1965), 54 days; *Nan Travis Memorial Hospital v. St. Paul Fire and Marine Ins. Co.,* 394 F.2d 112 (5th Cir. 1968), 3½ months; *Abilene Savings Ass'n. v. Westchester Fire Ins. Co.,* 461 F.2d 557 (5th Cir. 1972), almost two years; *Lowe v. Employers Casualty Co.,* 479 S.W.2d 383 (Tex.App.1972), eleven months; *Huddleston v. Traders & General Ins. Co.,* 465 S.W.2d 418 (Tex.App.1971), one year; Massachusetts cases: *Bennett v. Aetna Ins. Co.,* 201 Mass. 554, 88 N.E.2d 335 (1909), 81 days; *Romanos v. Home Ins. Co.,* 355 Mass. 499, 246 N.E.2d 173 (1969), 60 days; *Brackman v. American Employers Ins. Co.,* 349 Mass. 767, 208 N.E.2d 225 (1965), 40 days; *Segal v. Aetna Casualty and Surety Co.,* 337 Mass. 185, 148 N.E.2d 659 (1958), 4 months; *Depot Cafe v. Century Indemnity Co.,* 321 Mass. 220, 72 N.E.2d 533 (1947), 46 days.

tions of the original liability claim, including the indemnification claim of the primary insurer to the reinsurer.

Under the Louisiana law Highlands urges as appropriate, delayed notice of a claim of insurance does not of itself terminate coverage; the insurer must prove that its defense of the claim was actually prejudiced. The interest of the state in formulating this rule was stated in *Miller v. Marcantel*, 221 So.2d 557, 559 (La.App. 3d Cir. 1967):

> The function of the notice requirements is simply to prevent the insurer from being prejudiced, not to provide a technical escape hatch by which to deny coverage in the absence of prejudice nor to evade the fundamental protective purpose of the insurance contract to assure the insured and the general public that liability claims will be paid up to the policy limits for which premiums were collected. Therefore, unless the insurer is actually prejudiced by the insured's failure to give notice immediately, the insurer cannot defeat its liability under the policy because of the non-prejudicial failure of its insured to give immediate notice of an accident or claim as stipulated by a policy provision.

Employers, on the other hand, analyzes the interests of the states involved and argues that Louisiana has no interest in the outcome of this lawsuit, which is a dispute between two foreign companies regarding the interpretation of a contract which was executed in one foreign jurisdiction to have effect in another foreign jurisdiction. Any interest that Louisiana had in protecting its insureds or its claimants in this situation ceased upon Highlands' payment of the claim to Smith and was, therefore, satisfied before the institution of this suit.

Thus, Employers advocates the application of the law of either Texas or Massachusetts. Both states require prompt notice of actual or potential insurance claims which operate as a condition precedent to liability under the insurance contract. Failure to give such notice relieves the insurer of liability even without proof of prejudice. *Abilene Savings Ass'n v. Westchester Fire Insurance Co.*, 461 F.2d 557 (5th Cir. 1972); *Dairyland County Mutual Insurance Co. of Texas v. Roman*, 498 S.W.2d 154 (Tex.1973); *Brackman v. American Employers Insurance Co.*, 349 Mass. 767, 208 N.E.2d 225 (1965); *Imperiali v. Pica*, 338 Mass. 494, 156 N.E.2d 44 (1959). Texas and Massachusetts seek through this rule to promote their interest in the certainty of contractual relations. They also assert an interest in the development of interstate commerce, on the theory that this policy promotes sound financial planning and monetary reserves and discourages the problems associated with late claims.

While we agree with Highlands that Louisiana has an interest in seeing that the expectations of its resident claimants and insureds are met within the limits of insurance policies, these interests were satisfied when Highlands (a) assumed the liability for Ward as tortfeasor and (b) compensated Smith for his injuries. The Court recognizes that Louisiana's interest could predominate in cases in which the payment by the insurer to the Louisiana claimant or on behalf of the Louisiana insured would be affected by the enforcement of the reinsurance contract. In the present factual situation, however, Louisiana's interest ceased upon the full payment of Ward's claim on the policy following Smith's accident.

■ The conflict here therefore is a false one. The law of Texas or Massachusetts must control.[2] The Court finds that High-

---

**2.** It is clear that, were it necessary to decide whether the law of Texas or that of Massachusetts controls here, Texas law would be the more appropriate. Article Ten of the Louisiana Civil Code, applicable here under the *Erie* doctrine, provides that "the effect of acts [public and private written instruments] passed in one country to have effect in another country is regulated by the laws of the country where

such acts are to have effect." The word "country" as used here is a perhaps too restrictive translation of the French *pays* in the Louisiana Civil Code of 1825. Indeed, *pays* is rendered as "place" in the sentence of Article Ten immediately preceding the one quoted above. In any event, it is clear that the French and English words encompass the word "state." *See Cox v. United States*, 31 U.S. (6 Pet.)172, 203, 8

lands' delay in notifying Employers was undisputedly unreasonable and thus cannot, as a matter of law in either Texas or Massachusetts, be considered "prompt." [3]

Accordingly, the motion for summary judgment is GRANTED, and the case is dismissed, the plaintiff to pay costs.

L.Ed. 359 (1822); *Prudential Ins. Co. of America v. Williams*, 139 F.Supp. 202 (E.D.La.1956) (J. Skelly Wright, J.), *aff'd. sub nom. Williams v. McFerrin*, 242 F.2d 53 (5th Cir. 1957); *Beirne v. Patton*, 17 La. 589, 592 (1841). Thus, since the reinsurance policy was delivered in Houston, Louisiana law would dictate that the law of Texas resolve this dispute.

**3.** In the event the Court should decide to apply the law of Texas or Massachusetts, plaintiff has urged the Court to draw a distinction between notice provisions in insurance contracts and reinsurance contracts and hold that prompt notice is not a condition precedent to liability on a reinsurance contract unless the contract so expressly states. We find no basis in Texas or Massachusetts law for making this distinction, and further find that such distinction would be strained at best, in that the notice provisions in both contracts serve the same purpose: to afford a company which may ultimately be liable on a claim the opportunity to participate in the defense of that claim.