Larkin, J.
This appeal involves issues generated by insurance claims made by Edward Thomas (hereinafter referred to as the “insured”) under his automobile insurance police with the Aetna Casualty & Surety Company (hereinafter referred to as “Aetna”). The cause of action is brought under G.L.c., 93A and c. 176D. The policy at issue contains the standard, mandatory liability coverages, as well as optional coverages: Substitute Transportation; Limited Collision; and Comprehensive. Aetna’s interpretation and resultant' action relative to the scope of the optional coverages and its general handling of the insured’s claim are the allegedly “unfair and deceptive” practices from which the insured seeks recovery in this action.' " ' '
The facts of récord are as follows:
On February 18, 1983, the insured’s automobile was damaged by an unidentified, “hit-and-run” driver. The insured promptly notified Aetna of the incident. Under the Limited Collision provision in his policy, it was incunibent upon the insured to identify the operator or owner in order to collect under the policy. Thereafter, on March 11, 1983, Aetna removed the insured’s automobile from the location where it had been taken after the accident and placed it in storage at Camerotta’s Storage Facilities. Apparently, at this juncture, Aetna had not yet decided to deny the claim, but was continuing with its investigation as to whether coverage obtained. On this same date, March 11, 1985, the insured began renting an automobile in reliance üpon the Substitute Transportation coverage in his insurance policy.
Approximately two weeks after the initial storage of the automobile, on or about March 25, 1983, Aetna sent the insured a letter indicating that the collision loss would not be covered and, consequently, rental coverage would also be terminated as of April 2,1983. A subsequent, undated letter stated that the first letter was in error and that rental reimbursements would be terminated on March 30, 1983. Pursuant to the Substitute Transportation provision of his policy, the insured was ultimately reimbursed $300.00 for the 20 days during which he rented an automobile. Under the terms of the policy, rental reimbursement covers up to $15.00 a day with a total coverage limit not exceeding $450.00 while the auto is being repaired or replaced.
On March 31, 1983, the insured’s vehicle was returned. In his claim, he *86 alleges that, upon its return, additional damage was evident and that, in his view, it was inflicted sometime while the auto wets stored at “Cammerota’s”— thé sité selected by Aetna. Henceforth, this allegation will be referred to as the “second claim.” The record indicates that the insured did not notify Aetna of this “second claim” until May 20,1983 when, through his attorney, the insured sent a G.L.c. 93A démand letter requesting the $150.00 of coverage remaining under his Substitute Transportation limits, together with the damages incurred during storage. Aetna responded to the demand letter by sending an inspector who appraised the damage. On June 22,1983, Aetna sent a response to the insured denying his claim for the additional $150.00 but offering one-half of the appraised amount of the asserted storage damage (the full appraisal of the “second claim” was set at $392.47).
Hollowing the events outlined above, the insured filed suit in the District Court alleging that Aetna violated both G.L. c. 93A and c. 176D by refusing to pay the full amount of the aforementioned claims. The District Court refused all the insured’s requests for rulings and found that Aetna had not committed -any unfair or deceptive act or practice in violation of G.L. c. 93A. It is this action which is challenged here. On appeal we consider the same issues decided by the trial court: whether Aetna committed an “unfair or deceptive” practice with respect to: (1) the Substitute Transportation claim; or (2) the storage facility comprehensive claim.
According to the record, from March 11,1983 to March 25,1983, Aetna held the ins.ured’s car while making a decision concerning whether or not to pay the first property damage claim. Obviously this action effectively deprived the insured of his prime mode of transportation. Further, it is obvious that until Aetna returned the insured’s auto, the insured could not be charged with a duty to begin to “repair or replace” the damaged vehicle. The insured’s “rental” coverage was deemed terminated by Aetna on March 30,1983. The insured did not receive his car until the following day. Because the insured was not in possession of his damaged automobile until March 31,1983, we believe that the trial court erred in determining that the insured had been granted a “reasonable” period of time in which to repair or replace his auto. We do not believe that halting coverage before returning the damaged car was a reasonable interpretation of the provision.
Relevant to the amount of the professed payment, we also believe there is no significance to Aetna’s argument that the insured did not, in fact, rent another automobile after coverage was denied. In our view, general equitable principles of estoppel prohibit Aetna from causing the insured to rely upon the denial of coverage — with resultant change of position — while setting up the very behavior it instigated as a defense to the insured’s claim. See generally, Nilson v. Mutual Office, Inc., 428 F.Supp. 1375 (D.C.Mass. 1977) (facts warranted estopping excess marine insurer from relying on defense of lack of notice). Additionally, we note that the Substitute Transportation provision in the policy allows insureds to recover up to the policy limits for “taxicab fares, bus fares and other transportation expenses,” if the insured chooses “not to rent an auto.” Obviously, then the act of renting an automobile is therefore, not prerequisite to claiming this coverage.[1]
It is settled law that an insurance policy holder may bring a claim under G.L. c. 93A, § 9 for unfair or deceptive practices in the handling of claims for *87 payment of insurance benefits. Swanson v. Bankers Life Co., 389 Mass. 345, 450 N.E. 2d 577 (1983). Under G.L.c. 176D, § 3, an insurance company’s failure to reasonably promptly affirm or deny coverage, or its failure to promptly settle claims, are considered unfair practices. Here, Aetna took two weeks to deny the claim while retaining custody of the car. On the unique facts of this record, we believe that the unused Substitute Transportation policy limits are a fair measure of the resulting damage caused by Aetna’s denial of the insured’s coverage. Since Aetna has paid $300.00 under the provision at issue, we believe that the insured is entitled to the $150.00 remaining under the policy. This sum is reasonable, in the Court’s opinion, as a rough equivalent to allowing the insured auto-rental for the day he was deprived of both coverage and the damaged car, March 30,1983, in addition to according credit for nine additional days within which to repair or replace the damaged automobile. See Romanos v. Home Ins. Co., 355 Mass. 499, 246 N.E.2d 173 (1969) (on disputed facts the question whether notice of loss was given with a reasonable period is a question of Law). In short, we believe that the insured was entitled to receive the additional $150.00 which he sought and that the trial judge was in error in denying this claim.
Turning our attention to the second issue here on appeal, we believe that the trial court was correct in denying the insured’s claim for the total asserted amount of damage to the vehicle while it was in storage. Under G.L. c. 93A, § 9, para. (3), it is required that the claimant must file a demand letter “reasonably describing the unfair act or practice relied upon and the iryury suffered.” In the present case, the insured alleges unfair and deceptive practices which occurred subsequent to the filing of the demand letter. Since Aetna effectively was not informed of the damage inflicted during storage until the aforementioned demand letter was filed, in our view, it was not properly notified under G.L.c. 93A, § 9. Relief is unavailable for practices which are unmentioned in the demand letter.[2] Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 333 N.E. 2d 202 (1975).
For the foregoing reasons we direct that the case be returned to the trial court with directions to award the plaintiff an additional $150.00 in damages.
It is so ordered.

 We recognize that the record is somewhat deficient relative to a precise enumeration of the insured’s transportation expenditures. Nevertheless, it does not seem to us that Aetna should be allowed to argue the lackof damage specificity when its own practices may reasonably be deemed to have placed the insured in the situation he found himself. See, Grossman v. Waltham Chemical Co., 14 Mass. App. 932, 436 N.E.2d 1243 (1982).

 In this view, we differ with the trial court’s conclusion (in dicta). We pause here to mention the trial court’s dicta expressing that Aetna had received adequate notice of the “second claim” under the provisions of the policy. At all events because the demand letter gave Aetna notice of the claim within the 91 day period provided in the policy, no prejudice resulted from the technical deficiencies of the notification.